FOSTER GAY v. STATE OF FLORIDA

3 So. (2nd) 514
Division A
Opinion Filed July 8, 1941
Rehearing denied August 1, 1941

*Dickenson & Dickenson* and *Lindsey & McCall,* for Appellant.

*J. Tom Watson,* Attorney General and *Nathan Cockrell,* Assistant Attorney General, for Appellee.

BUFORD, J.—We review on appeal a judgment of conviction under an indictment charging "that Foster Gay, on the 7th day of December, A. D. 1939, in the County and State aforesaid, then and there unlawfully while Napoleon Wilson, a Deputy Sheriff of Taylor County, Florida, and in and for Taylor County, Florida, was then and there in said County and State

lawfully and by virtue of his said office as a Deputy Sheriff of said County proceeding to arrest the said Foster Gay for violating the law in the presence of him, the said Napoleon Wilson, by then and there maintaining and using, for the purpose of catching and taking commercial sponges from the Gulf of Mexico in waters within the territorial limits of the State of Florida, diving suits, helmets, and other apparatus used by deep sea divers, and he, the said Foster Gay, then and there well knowing that the said Napoleon Wilson to be a Deputy Sheriff of Taylor County, Florida, did knowingly, wilfully and unlawfully resist the said Napoleon Wilson in the discharge of his duty as such Deputy Sheriff, aforesaid, which said duty as a Deputy Sheriff he, the said Napoleon Wilson, was then and there attempting to perform, by then and there refusing to submit to arrest and by then and there assaulting, bruising, striking and ill treating the said Napoleon Wilson and by then and there doing violence to said Napoleon Wilson, as aforesaid, and thereby and thus did obstruct the said Napoleon Wilson as such deputy sheriff."

It is noted that the indictment alleges as legal justification of the attempted arrest that, "While Napoleon Wilson, a deputy sheriff, of Taylor County, Florida, and in and for Taylor County, Florida, was then and there in said County and State lawfully and by virtue of his said office as a Deputy Sheriff of said County, proceeding to arrest the said Foster Gay for violating the law in the presence of him, the said Napoleon Wilson, by then and there maintaining and using for the purpose of catching and taking commercial sponges from the Gulf of Mexico in waters within the territorial limits of the State of Florida, diving

suits, helmets, and other apparatus used by deep sea divers." The record shows that the arrest was attempted without a warrant and was as for the commission of a misdemeanor in the presence of the officer attempting to make the arrest.

The record fails to show that the defendant in the presence of the officer was "then and there maintaining and *using* for the purpose of catching and taking commercial sponges from the Gulf of Mexico . . . diving suits, helmets and other apparatus used by deep sea divers."

Therefore, it follows that the attempted arrest was without authority of law. See Roberts v. Dean, 133 Fla. 47, 187 Sou. 561; Malone v. Howell, 140 Fla. 693, 192 Sou. 224.

The State's witnesses testified that neither of them saw the defendant using any equipment or apparatus in taking, or attempting to take, any sponges from the Gulf of Mexico at the time and place alleged or at any other time.

Aside from this, the preponderance of the evidence, including that adduced from witnesses who were employees of the Conservation Commission of the State of Florida, shows that the defendant was at all times, on the stated occasion, when within sight of the officer, beyond the territorial limits of Taylor County and the State of Florida. That is, more than nine nautical miles off shore.

While it is not essential to the disposition of this case, the point is presented, and we shall discuss it, that the court erred in sustaining objections by the State to questions propounded to defendant concerning his knowledge of the establishing by the State Conservation Commission of the exterior territorial

boundary of Taylor County in the Gulf of Mexico and marking the same with a line of buoys. It was shown that such a line had been so established and marked.

Such line, having been so established and marked by a State agency on which rested the duty of enforcing the conservation law, including the laws concerning sponge fishing, the defendant was entitled to rely upon the correctness of that line. It was error to deny him the right to testify as to his knowledge of the location of the line and the markers and as to where he was with reference to that line when he was approached by the officer.

For the reasons stated, the judgment is reversed.

So ordered.

Reversed.

BROWN, C. J., WHITFIELD, TERRELL and THOMAS, J. J., concur.

CHAPMAN and ADAMS, J. J., dissent.

### ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing it is contended that by the use of the language, "Such line having been so established and marked by a State agency on which rested the duty of enforcing the conservation law, including the laws concerning sponge fishing, the defendant was entitled to rely upon the correctness of that line. It was error to deny him the right to testify as to his knowledge of the location of the line and the markers and as to where he was with reference to that line when he was approached by the officer.", in our opinion of July 8, 1941, this Court has "judicially determined that the State Conservation Commission has lawful authority to establish a line different from that established by the Constitution

marking the exterior territorial limits of the State of Florida upon which all persons may rely regardless of the correctness of such line." Such is not the rationale of our opinion. What the opinion means is that when the State agency assumed to mark the line of the exterior boundary of the State by the placing of markers thereon to indicate to those engaged in sponge fishing the true location of such line, such sponge fishermen had the right to rely upon the position of the markers to so indicate the line and are absolved from any criminal intent to violate the law in committing acts outside that line which would be unlawful only if committed within the State of Florida.

Rehearing denied.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD and THOMAS, J. J., concur.

CHAPMAN and ADAMS, J. J., dissent.