ANDREWS, Judge.
This is an appeal by State of Florida', ex rel. Joseph J. Springer, relator, from an order quashing relator’s petition for a writ of habeas corpus and remanding relator to the custody of respondent, Montie Smith, as Chief of Police of the City of Dania.
Relator was arrested and charged with disorderly conduct and with possessing and showing obscene motion picture films. Relator was charged by the City of Dania in count I of disorderly conduct in violation of F.S.A. § 877.03, which in turn violated section 20-16 of ordinance 340 of the Dania Code of Ordinances.[1] The second count charged possession and showing of obscene films in violation of F.S.A. § 847.011, which in turn violated section 20-16 of the same Dania ordinance, supra. Relator filed his petition for writ of habeas corpus challenging the validity of section 20-16 of said ordinance and also contending that both counts wholly failed to state an offense against any law.
Relator urges that section 20-16 of the Dania code, supra, is invalid because it was originally improperly enacted. The original source of what is now section 20-16 was an ordinance adopted in 1940 numbered 124. When the 1940 ordinance was adopted, the charter of the city required all proposed ordinances to be posted as a prerequisite for enactment. Relator alleged that ordinance 124 was not posted and therefore invalid. Relator contends that, since ordinance 124 was invalid, the subsequent codification in 1955 of the subject section of the ordinance into what is now section 20-16 is of no effect.
The adoption of a new code of ordinances Js not contingent upon a prior valid ordinance. The codification was an enactment of a new code which superseded all prior ordinances. Any defect in the publication of an ordinance is cured by its re-enactment and republication. McQuillin on Municipal Corporations, 3rd Ed., sec. 16.93. There was no objection to the procedure followed in the 1955 codification. The defect, if any, was cured by the subsequent re-enactment.
Relator further urges that even if section 20-16 of the ordinance, supra, is a valid ordinance, it refers only to those misdemeanors recognized by Florida Statutes as of the date of codification, 1955. Relator contends that both counts charge violations of statutes enacted subsequent to the codification in 1955 and, since the City of Dania has not amended its code to include these subsequently enacted misdemeanors, the writ of habeas corpus must be granted.
The question- thus is presented whether or not a city may adopt by reference all present and future misdemeanors which shall be recognized by the State of Florida. Both relator and respondent have referred this court to 168 A.L.R. 627, 635. However, Florida follows the general rule as set forth in the case of Hecht v. Shaw, 1933, 112 Fla. 762, 764, 151 So. 333.
“ * * * when the adopting statute makes no reference to any particular statute or part of statute by its title or otherwise, but refers to the law generally which governs a particular subject, the reference in such a case includes not only the law in force at the date of the adopting act, but also all subsequent laws on the particular subject referred to * i{c * »
Section 20-16 of the ordinance, supra, is a general reference to acts constituting mis- *848 d'emeaaors within the state, and therefore under the rule set forth in Hecht v. Shaw, supra, the section includes misdemeanors recognized by the laws of Florida subsequent to the 1955 codification. The City of Dania has authority to adopt by reference all present and future misdemeanors recognized by the State of Florida.
We further hold that relator has failed to demonstrate that both counts wholly fail to charge violations of F.S.A. § 877.03 and F.S.A. § 847.011. Relator’s remedy to test the sufficiency of the allegations properly lies in a motion to quash. La Tour v. Stone, 1939, 139 Fla. 681, 190 So. 704; Buchanan v. State ex rel. Hunt, Fla.App.1965, 171 So.2d 186.
Affirmed.
SMITH, C. J., and ODOM, ARCHIE M., Associate Judge, concur.

. Section 20-16 MISDEMEANORS RECOGNIZED BY LAWS OE FLORIDA FORBIDDEN.
It shall be unlawful to commit within the Oity any act which shall be recognized by the laws of the state as a misdemeanor and the commission of such act shall be forbidden. Violation of any such act shall upon conviction be punished as provided in Section 1-6 of this Code. (Ord. 124, Section 1, 4-2-40).