217 So.2d 619 (1969)
Henry Lee KIRBY, Appellant,
v.
STATE of Florida, Appellee.
No. 1940.
District Court of Appeal of Florida. Fourth District.
January 14, 1969.
*620 Jack A. Nants, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and J. Terrell Williams, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant, Henry Lee Kirby, was driving his car en route to the home of Helen Stokes who was a passenger. Following a comment concerning the manner in which he was driving, Kirby stopped the car approximately one block from Miss Stokes' home and after announcing that she could drive the remainder of the way, Kirby got out of the car and proceeded on foot. Miss Stokes had no driver's license and apparently very little driving experience but she did get the car home after running through a stop sign on an intersecting street. As fate would have it, Deputy Sheriff Bowling, patrolling the area at the time, witnessed the traffic violation and followed Miss Stokes to where she parked the car in her yard. Preparing to issue a traffic citation to Miss Stokes the deputy learned that she did not have a driver's license and that Kirby owned the car and had given her permission to operate it. At this point Kirby appeared on the scene, identified himself as the owner of the car, stated that he had given Miss Stokes permission to drive it, and made inquiry as to what was going on. The deputy then asked Kirby if at the time he gave Miss Stokes permission to operate the car he was aware that she did not have a driver's license to which he responded in the affirmative.
At this point the deputy sheriff, without a warrant, placed Kirby under arrest for allowing an unauthorized person to drive his car. Kirby did not take kindly to the idea and made it clear in no uncertain terms by both word and deed that he did not intend to go anywhere. Deputy Bowling then radioed for assistance and ultimately Deputy Gulbrand arrived in a patrol car, whereupon he also announced to Kirby that he was under arrest. Gulbrand's attempt to take Kirby into custody was resisted in the same forceful manner as Bowling's efforts had been. Ultimately, with the aid of other officers, Kirby was taken into custody. He was charged with two counts of obstructing an officer in the execution of his legal duty with violence, one as to Deputy Bowling and the other as to Deputy Gulbrand, and he was likewise charged in two counts of assault and battery, one upon Deputy Bowling and the other upon Deputy Gulbrand. In a jury trial he was found guilty of these four counts and from the judgment entered thereon brings this appeal.
The primary question we consider on this appeal is whether the arrest by Deputy Bowling was lawful. If it was not, appellant is entitled to be discharged on all counts. If, however, the arrest by Bowling was lawful, we have to consider a corollary question of whether the counts involving Deputy Gulbrand were defective.
In order for Kirby to be found guilty of the charge brought under F.S. 1967, Section 843.01, F.S.A., of obstructing an officer in the execution of his legal duty with violence, it would be necessary for the state to prove that Bowling was attempting to make an arrest which he had *621 lawful authority to make without a warrant. Licata v. State, 1945, 156 Fla. 692, 24 So.2d 98. Allowing an unauthorized person to operate a motor vehicle upon a public street or highway is made a misdemeanor by F.S. 1967, Section 322.36, F.S.A. But without a warrant, Deputy Bowling could lawfully arrest Kirby for a misdemeanor only if it was committed in the officer's presence. F.S. 1967, Section 901.15, F.S.A. Consequently, the question in this case resolves itself into a determination of whether under the facts as outlined above, the misdemeanor proscribed by F.S. 1967, Section 322.36, F.S.A., was committed in the presence of Deputy Bowling.
The offense of allowing an unauthorized person to operate a motor vehicle upon the public streets or highways contemplates as a minimum that there be both the authorization or permission to the unauthorized person, and the actual operation of the vehicle upon the public streets or highways. In our opinion, neither authorization absent actual operation nor operation of the vehicle by an unauthorized person absent authorization or permission from the owner or person having control would, standing alone, be sufficient to constitute the offense. Clearly, the element of operation by an unauthorized person occurred in the officer's presence although the initial authorization or permission given by Kirby did not.
Appellant contends that since this element of the offense, to-wit: the initial authorization or permission from Kirby, did not occur in the presence of the officer, the misdemeanor could not be said to have been "committed in his presence". On the other hand, the state contends that this element also was committed in the officer's presence by virtue of Kirby's admission made to Deputy Bowling, the state relying upon the case of Brown v. State, Fla. 1956, 91 So.2d 175.
We believe that the state's position is sound and that the Brown case is the authority for this proposition. The offense is a continuing one as long as the car is being operated upon the public streets or highways. If we need to go beyond this jurisdiction for additional authority for the proposition that a clear verbal admission of an offense is sufficient to make the offense one "committed in the presence" of the arresting officer, reference is made to the text of 6 C.J.S. Arrest § 5, at 582 et seq., and cases cited therein.
Count II of the information charged that Kirby "* * * did then and there resist, obstruct, or oppose a Deputy Sheriff, to-wit: LEROY GULBRAND, in the execution of his legal duty, to-wit: arresting the said HENRY LEE KIRBY for allowing an unauthorized person to drive his car, by offering or doing violence to the person of such Deputy Sheriff, the said LEROY GULBRAND". Neither the operation of the motor vehicle by the unauthorized driver nor Kirby's admission of ownership and authorization to operate it occurred in the presence of Deputy Gulbrand. His right to arrest Kirby would have to be derived from F.S. 1967, Section 901.18, F.S.A., as an officer summoned to aid Deputy Bowling in making the arrest. Appellant maintains that the evidence showed that Gulbrand's legal duty was not to arrest Henry Lee Kirby for allowing an unauthorized person to drive his car, but was to assist another deputy in arresting Kirby; hence, there was a fatal variance between the evidence and the information. We must reject this argument. Gulbrand, having been summoned under F.S. 1967, Section 901.18, F.S.A., had the right to do whatever the summoning officer himself might lawfully do. 6 C.J.S. Arrest § 16. Since Deputy Bowling could lawfully make the arrest, Deputy Gulbrand could likewise and his duty was not limited to merely assisting another deputy in making the arrest.
The judgment is affirmed on all counts.
WALDEN, C.J., and REED, J., concur.