OWEN, Judge.
Appellant was convicted of first degree murder of a police officer, and also convicted of assault with intent to commit murder in the first degree as to another police officer. Because none of the several points raised on this direct appeal require reversal, each of the judgments and sentences is severally affirmed.
Appellant contends that since the killing occurred while he was justifiably resisting an illegal arrest, the case of Alday v. State, Fla.1952, 57 So.2d 333 requires that we reduce the first degree murder conviction to manslaughter. We conceive that appellant has misconstrued the holding of the cited case.
Assuming arguendo (but expressly not deciding) that the arrest was illegal, the Alday case makes it clear that appellant had the right to use only reasonable force in resisting, and would not be justified in using unnecessary force, nor would the fact that the killing occurred during an illegal arrest preclude a conviction for murder if it resulted front, premeditation. See, Roberson v. State, 1901, 43 Fla. 156, 29 So. 535 and Weaver v. State, Fla.App.1969, 220 So.2d 53.
The jury was correctly charged on premeditation and the competent evidence is more than sufficient to establish a valid basis upon which the jury could have found that the killing was indeed premeditated. The incident occurred in broad daylight on a street of a large city. Both police officers were in uniform and had just stepped out of a marked police cruiser when they attempted to stop appellant for questioning. Apellant scuffled with one of the officers, then broke and ran. He was captured after a chase of more than a city block. Appellant again struggled with the officers, attempting to seize the service revolver of one of the officers, and stating that he would kill the officers. The struggle continued and appellant was successful in removing the officer’s service revolver from *770 its holster, shooting one officer twice and the other at least once.
Affirmed.
REED, C. J., and WALDEN, J., concur.