PER CURIAM:
This is an appeal from the Circuit Court of Duval County, Florida, transferred by the First District Court of Appeal. The Circuit Court upheld in this case the constitutionality of Section 870.01(2), Florida Statutes, F.S.A., which provides:
“(2) All persons guilty of a riot, or of inciting or encouraging a riot, shall be guilty of a felony of the third degree.
The Appellant, Clarence Tyron Hutchin, was informed against by the State as follows :
“that ... on the 15th day of March 1973 . . . [he] did then and there incite and encourage a riot, by calling to a crowd, to-wit: ‘No motherfucking persons is going to put me in that car, my brothers will stop you,’ contrary to the provisions of Section 870.-01(2), F.S. [F.S.A.]”
Motion to dismiss the information on the ground of the statute’s unconstitutionality was denied by the Circuit Court.
We decline to rule on the constitutionality, vel non, of the statute in question, for this case may be decided on other grounds. Failure to dismiss the information has resulted in an unconstitutional application of the statute to the facts of this case. '
The information does not sufficiently allege that appellant incited a riot. There is nothing in the single sentence employed by appellant that reasonably indicates he was urging a crowd to riot. True, a reprehensible obscenity was employed by appellant, but indecent language alone does not provoke a riot without more. Possibly he could be charged with a violation of the indecent language statute, F.S. Section 847.04, F.S.A.
Appellant shouted an obscenity and said no one would put him in a car, but there are no allegations he acted to lead or urged others of sufficient numbers to join him in an illegal riot. He may have been disorderly and guilty of a misdemeanor, but there is clear insufficiency in the allegations of the information to charge him with a riot felony. Moreover, the information does not allege any facts indicating appellant created a clear and present danger to the public peace or that any riot actually eventuated as a result of appellant’s outcry. Cf. In re Fuller, 255 So.2d 1 (Fla.1971), and cases cited therein.
Reversed.
CARLTON, C. J., and BOYD, McCAIN and DEKLE, JJ., concur.
ROBERTS, J., dissents.
ERVIN, J., concurs specially with opinion, in which ROBERTS, J., dissents.