292 So.2d 69 (1974)
Burt SMITH, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 73-867, 73-868.
District Court of Appeal of Florida, Third District.
March 26, 1974.
*70 Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr. and Steven Rappaport, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen Rosin, Asst. Atty. Gen., for appellee.
Before HENDRY and HAVERFIELD, JJ., and DREW, E. HARRIS, Associate Judge.
HENDRY, Judge.
This is a consolidated appeal from a conviction and a five-year sentence for resisting arrest with violence. At the conclusion of appellant's trial, held non-jury, the court entered a finding of guilty and concluded that the finding also constituted an automatic violation of probation from the second case, Case No. 73-868. Thereupon, the court revoked appellant's probation and sentenced him to three years in the state prison to run concurrently with the five-year sentence imposed.
On May 6, 1973 appellant was arrested at the Jefferson Department Store. On June 7, 1973 the state filed a three-count information charging appellant with grand larceny, aggravated assault with an automobile and resisting arrest with violence. Prior to the filing of the information, appellant's probation supervisor on May 15, 1973 filed an affidavit of violation of probation by virtue of the May 6th arrest. Appellant had been placed on three years probation on October 2, 1972, after entering a plea of guilty to a charge of breaking and entering an automobile.
At the trial, following the state's case in chief, the court entered a judgment of acquittal on the grand larceny and aggravated assault charges. The judge found appellant guilty only of resisting arrest with violence.
On this appeal, the appellant urges three grounds for reversal. First, appellant argues that the court erred in not granting a judgment of acquittal on the charge of resisting arrest, since the appellant was acquitted of the primary charges for which he was arrested. There is little merit to this contention.
In order for the state to prove obstruction of an officer in the execution of his legal duty with violence under Fla. Stat. § 843.01, F.S.A., it is necessary to demonstrate that the officer was making an arrest which he had the lawful authority to make without a warrant. Roberts v. State, Fla.App. 1962, 142 So.2d 152; Kirby v. State, Fla.App. 1969, 217 So.2d 619; Rosenberg v. State, Fla.App. 1972, 264 So.2d 68. A law enforcement officer in this state has the power to make a lawful arrest without a warrant when he has reasonable grounds to believe that a felony has been committed and that the person arrested committed it. State v. Outten, Fla. 1968, 206 So.2d 392; see also Fla. Stat. § 901.15(3), F.S.A. Therefore, it is not necessary for a defendant to be actually convicted of the primary offense for which a police officer, without a warrant, arrested him in order to sustain a conviction for resisting arrest with violence.
Appellant's next point questions the arrest by the arresting police officer who was acting as an off-duty policeman with the City of Miami, employed at the time as a security guard by Jefferson Department Store. Appellant therefore concludes that *71 the officer was not a "municipal police officer" within meaning the meaning of Section 843.01.
However, the record demonstrates that prior to effecting the arrest in this case, the officer displayed his badge, summoned another uniformed police officer, and thereafter received assistance from two officers who were in uniform and were also named in the information charging appellant with resisting arrest. Therefore, this point must fail.
Appellant's third point challenges the revocation of his probation without either a preliminary or final revocation hearing thereon, citing Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Appellant contends the procedure employed in this case resulted in a denial of due process of law.
In Gagnon, the U.S. Supreme Court relied on its earlier holding in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) wherein the court stated that minimal due process of law requires a preliminary and a final revocation of probation hearing. See also, Oaks v. Wainwright, Fla., opinion filed December 20, 1973.
The record in the case sub judice demonstrates that just prior to commencement of the trial, the court began taking testimony from appellant's probation supervisor. However, upon suggestion by appellant's counsel this hearing was continued, and the court began the trial on the subsequent felony charges. This was on July 2, 1973, less than two months after appellant's arrest.
On the facts of the instant case, we express the view that appellant's criminal trial adequately fulfilled the requirements of a probation revocation hearing. In addition, a preliminary hearing on probation revocation should not be mandated in this case where appellant was not subject to an unwarranted deprivation of liberty, since he was incarcerated because of a subsequent felony arrest rather than a probation officer's affidavit.
Therefore, for the reasons stated and upon the authorities cited, the judgments and sentences appealed are affirmed.
Affirmed.