PER CURIAM.
The appellant pleaded nolo contendere to possession of cocaine. The trial court accepted the plea, entered a finding of guilt, withheld adjudication, and placed the appellant on probation for eighteen months.
The appellant seeks review of the court’s finding and the order of probation, an appealable order. See, Delaney v. State, Fla. 1966, 190 So.2d 578.
It is contended by the appellant that the trial court erred in failing to grant a motion to suppress the evidence obtained as a result of an illegal search or seizure of the appellant which followed an unlawful arrest.
Appellant was arrested, without a warrant, at the Miami International Airport on a charge of willful obstruction of traffic, a misdemeanor. The arresting officer testified that he spotted Lubash and a woman walking at the downstairs ramp at the airport near the car rental booths. Behind them was a car parked about five or ten feet away in such a manner as to obstruct traffic.
The officer testified that he recognized the couple from an incident thirty or forty minutes earlier on the upstairs ramp at the airport at which time he had written a traffic citation on the same automobile. The officer stated that Lubash had crum *566 pled the ticket up and thrown it at the officer as he drove the car away.
After placing the appellant under arrest for the second offense, the officer walked him to the police substation at the airport and then searched him. The officer discovered a small bottle in Lubash’s coat which turned out to contain cocaine.
Appellant argues that the evidence was illegally obtained due to the fact that the arrest for obstructing traffic was not lawful because the offense was not committed in the presence of the officer. See, Fla.Stat. § 901.15(1) and (5), F.S.A. (1973). We find little merit to this point. The offense of willful obstruction of traffic was continuing in nature and therefore was committed in the officer’s presence where the officer could detect the offense by use of his sight and his hearing. See, Kirby v. State, Fla.App.1969, 217 So.2d 619.
The arrest therefore was lawful and the custodial search made thereafter by the officer was likewise legal. For the reasons stated, the order appealed is affirmed.
Affirmed.