314 So.2d 619 (1975)
Willie Claude PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 74-670.
District Court of Appeal of Florida, Fourth District.
June 20, 1975.
*620 Richard L. Jorandby, Public Defender, and Elliot R. Brooks, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Willie Claude Phillips was convicted of resisting arrest with violence and sentenced to imprisonment for five years. He appeals. We reverse and remand with instructions to discharge him.
There is no dispute as to the facts. A police officer was investigating an alleged misdemeanor committed outside the officer's presence. He approached Phillips on a city street and asked Phillips to accompany him two blocks up the street in order to straighten out the matter. Phillips responded, "F____ you." The officer again made the request. Phillips responded, "F____ you. I'm not going anywhere with you." At that, the officer told Phillips that he was under arrest for a breach of the peace. Phillips responded, "F____ you," and proceeded to slowly walk away. The officer radioed for help and then approached Phillips and placed his hands upon Phillips. Thereafter, Phillips simply picked the officer up and held him powerless about three feet off the ground. This situation obtained for about a minute. The back-up officers then arrived on the scene and handcuffed Phillips. Spectators witnessed the event and exchange. None offered to interfere and defendant made no appeal to them. There is no evidence that they were offended by any language.
To get the matter into perspective, the officer had no right to arrest Phillips for the misdemeanor because it was committed outside the officer's presence. 3 Fla.Jur., Arrest § 20 (1955), and he had no right to compel Phillips to cooperate in the investigation and to accompany the officer two blocks up the street, and there is no contention to the contrary.
Further, every person has the right to resist an unlawful arrest, and may use such force as is necessary to effect his escape. Alday v. State, 57 So.2d 333 (Fla. 1952); Gay v. State, 147 Fla. 690, 3 So.2d 514 (1941); Cf., Wilbert v. State, 273 So.2d 769 (4th DCA Fla. 1973); see 5 Am.Jur.2d Arrest § 94 (1962); 6 C.J.S. Arrest § 13 (1937), Supp. (1974). Although appellant was not within the confines of his home, if a person arrested without a warrant is to be convicted of resisting that arrest with violence, the state must prove that the officer was attempting to make an arrest which he had lawful authority to make without a warrant. Licata v. State, 156 Fla. 692, 24 So.2d 98 (1945); Kirby v. State, 217 So.2d 619 (4th DCA Fla. 1969). See Jones v. State, 293 So.2d 116 (3d DCA Fla. 1974); Smith v. State, 292 So.2d 69 (3d DCA Fla. 1974); Rosenberg v. State, 264 So.2d 68 (4th DCA Fla. 1972); F.S. 843.01 (1973).
Thus, isolating, does the public use of the expletive, F____ you, standing alone, provide legally sufficient probable cause for an officer to believe defendant has breached the peace? If it does, as the State contends, then the arrest was proper and Phillips was guilty of the charge of resisting. If not, as the appellant contends, then Phillips should be exonerated.
*621 The critical statutes are these:
"F.S. 843.01 (1973) Resisting officer with violence to his person.  Whoever knowingly and willfully resists, obstructs or opposes any ... municipal police officer, ... in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, shall be guilty of a felony of the third degree, ..." (Emphasis supplied.)
"F.S. 877.03. (1973) Breach of the peace; disorderly conduct.  Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, ..."
We are not unaware of the decision in Canney v. State, 298 So.2d 495 (2d D.C.A. Fla. 1974), in which a defendant was arrested at a peace rally for saying (over a loudspeaker), "bring the Goddamn war home" and "the Goddamn pigs." When arrested, he appealed to the spectators to help and rocks and bottles were thrown at the police. The second district did not base its decision upon the rock throwing or incitation, but upon the basis the officer had ample reason to believe the defendant was in violation of law:
"Certainly after hearing appellant's speech and with the knowledge that a city ordinance, which had not been declared invalid existed which intended to protect the public at large from having to hear such offensive language, Officer Spivey had sufficient reason to arrest appellant in full compliance with § 901.15 F.S.A."
In the instant case defendant, however, was not charged with violation of the profanity statute, see Jones v. State, 293 So.2d 33 (Fla. 1974), but with breaching the peace, and resisting arrest.
It is our view that the use of the expletive was not such as to afford the arresting officer with substantial reason to believe the defendant was committing the misdemeanor of a breach of the peace in violation of F.S. 877.03, supra. Gonzales v. City of Belle Glade, 287 So.2d 669 (Fla. 1973); In re Fuller, 255 So.2d 1 (Fla. 1971); Kirby v. State, supra; see City of St. Petersburg v. Waller, 261 So.2d 151 (Fla. 1972); cf. Hutchin v. State, 290 So.2d 35 (Fla. 1974); Rosenburg v. State, 264 So.2d 68 (4th D.C.A. Fla. 1972). Thus, we reverse.
We note in passing that there are certain exceptions, depending upon the circumstances, which, when coupled with the use of expletives will constitute a breach of peace. However, the state does not suggest the existence of such exceptions and the record does not reflect them. Thus, we will not plumb other than to note that they are explained in Bradshaw v. State, 286 So.2d 4 (Fla. 1973). See Canney v. State, supra.
Let it be recorded that we are totally unsympathetic to the appellant's conduct and to his manner of expression. We would naturally hope that citizens would cooperate with police authorities in their law enforcement efforts and that, regardless, would use commonly acceptable terms in communicating. Even so, we know that certain people in certain segments of society would not heed our wish and yet remain within the orbit of their lawful rights. We recognize, too, that there are those whose normal figures of speech and methods of expression are offensive to others. We have no solution to that problem. We can only say that police officers must unfortunately expect the use of such expletives *622 depending upon the source and circumstances.
Finally, we note such problems may be eliminated, or at least ameliorated, beginning July 1, 1975. At that time a new statute, F.S. 776.051, will become effective. It provides:
"Use of force in resisting or making an arrest: prohibition
"(1) A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer." Ch. 74-383.
The trial court should have granted a directed verdict of acquittal. Reversed and remanded with instructions to discharge appellant.
Reversed and remanded.
OWEN, C.J., and DOWNEY, J., concur.