McCORD, Judge.
By petition the State charged that appellant, a child of seventeen years, was a delinquent child in that she engaged in prostitution in violation of § 796.07(3) (a), Florida Statutes. The trial judge found her not guilty of prostitution but guilty of “a lesser included offense, disorderly conduct” and entered an order withholding adjudication of delinquency and placing her on probation. Appellant contends that disorderly conduct is not a lesser included offense to the offense of prostitution and further contends that the evidence introduced at trial was insufficient to support a verdict of guilty to the charge of disorderly conduct.
The petition charged that appellant “did then and there offer to commit, or engage in giving or receiving of the body for sexual intercourse for hire, contrary to § 796.-07(3) (a), Florida Statutes.” The foregoing statute states:
“(3) It shall further be unlawful in the state:
(a) To offer to commit, or to commit, or to engage in, prostitution, lewdness or assignation.”
Prostitution is defined by subsection (1) (a) of said section as follows:
“The term ‘prostitution’ shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of the body for licentious sexual intercourse without hire.”
*446 Section 877.03, Florida Statutes, defines breach of the peace and disorderly conduct as follows:
“Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree . . . ”
While it would appear that one engaging in prostitution would at the same time be committing “such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency” and that in such sense disorderly conduct would be included in a charge of prostitution, the evidence in this case admits to nothing more than that appellant allegedly engaged in prostitution in a quiet and orderly manner. Since the trial judge found her not guilty of prostitution, his finding that she was guilty of disorderly conduct is inconsistent with his first finding. Because the evidence relates solely to prostitution and shows nothing beyond prostitution, if appellant is not guilty of prostitution, she is likewise not guilty of disorderly conduct.
It is apparent from the record that although the trial judge did not find appellant guilty of prostitution, he considered that the facts warranted supervision. He stated on the record that if he found under the law that he could not find appellant guilty of disorderly conduct, he “would request a petition for a child in need of supervision be filed.” We agree that the evidence shows that the child is in need of supervision but such cannot legally be accomplished here by a finding of guilt under the disorderly conduct statute.
Reversed.
RAWLS, C. J., and SMITH, J., concur.