HATCHETT, Justice.
On February 16,1974, an off-duty policeman sought to arrest one Stephens for a supposed violation of Section 877.03, Florida Statutes (1975).[1] Stephens was selling newspapers in Tampa on the corner of Franklin and Polk Streets “confronting people on the street and appearing to hassle with them.” Appellee Saunders was accused by amended information of resisting Stephens’ arrest with violence, in violation of Section 843.01, Florida Statutes (1975). The trial court granted an untraversed motion to dismiss the charges against Saunders on the ground that the arrest of Stephens, which Saunders concededly resisted with force, was unlawful “in that it was predicated on an unconstitutional statute, to-wit: the Breach of Peace Statute, Florida Statute 877.03.” The prosecution took an appeal to the District Court of Appeal, Second District, and that court transferred the cause here. Because the trial court “initially and directly pass[ed] on the validity of a state statute,” Article V, Section 3(b)(1), Florida Constitution, we have jurisdiction.
*642 We conclude that there was no probable cause to justify the arrest of Stephens for violation of Section 877.03, Florida Statutes, and affirm the trial court’s order of dismissal because the prosecution has urged no other lawful basis for the arrest.[2] Unlike the trial court, however, we take the view that Section 877.03, as narrowed in a series of decisions including today’s, is not facially incompatible with the state or federal constitutions.
Before this Court had placed any gloss on Section 877.03, the question of the statute’s constitutionality was considered on petition for writ of habeas corpus in Severson v. Duff, 322 F.Supp. 4 (M.D.Fla.1970), and that court concluded that the language of Section 877.03, unnarrowed by judicial construction, “suffered] from the constitutional defect of vagueness” 322 F.Supp. at 8, and was also “unconstitutionally over-broad.” 322 F.Supp. at 10. When this Court disagreed,[3] lower state courts found themselves “in a state court versus federal court bind,” State v. Migliaccio, 38 Fla.Supp. 47, 49 (17th Cir.), but “absent a controlling decision of the United States Supreme Court [generally felt] obligated to follow the controlling authorities of the Florida appellate courts.” Id. We are hopeful that our decision in this cause will alleviate any “state court versus federal court bind” that may exist with regard to Section 877.03.
In In re Fuller, 255 So.2d 1 (Fla.1971), this Court reversed an adjudication of delinquency based on[4] Section 877.03. Fuller, who had just posted a sign on a classroom door, got into an argument when another juvenile ripped the sign off the door. The Court concluded that Fuller’s conduct and vulgar language fell outside the purview of Section 877.03 and, in reversing, “carefully delineated between a mere ‘angry altercation’ between two individuals and a ‘commotion’ which would have breached the *643 public order.” Wiegand v. Seaver, 504 F.2d 303, 306 (5th Cir. 1974), cert. den. app. dam., 421 U.S. 924, 95 S.Ct. 1650, 44 L.Ed.2d 83 (1975). In line with In re Fuller, supra, other courts rejected expansive interpretations of Section 877.03. M. E. M. v. State, 277 So.2d 566 (Fla. 3d DCA 1973); Wertheimer v. State, 276 So.2d 67 (Fla. 3d DCA 1973); State v. Blocker, 39 Fla.Supp. 136 (Dade Cty. 1973) (statute does not forbid newspaper reporter’s seeking interview). The District Court of Appeal, Fourth District, reversed a conviction under Section 877.03, in a case in which the defendant repeatedly said to a police officer, “ ‘F_you.’ ” Phillips v. State, 314 So.2d 619, 620 (Fla. 4th DCA 1975). See also Scott v. State, 330 So.2d 220 (Fla. 4th DCA 1976).
This Court declared Section 877.03 constitutional for the second time[5] in Bradshaw v. State, 286 So.2d 4 (Fla.1973). The decision in In re Fuller, supra, was distinguished on the ground that “although the words were similar, the time, place and circumstances were quite different,” 286 So.2d 8, and the conviction was upheld. But the appellants’ convictions were reversed in the consolidated cases of Gonzales v. Belle Glade and Smith and Sweet v. State, 287 So.2d 669 (Fla.1973), for insufficiency of the evidence:
All that appears from the record — taken in the light most favorable to the State and the City — is that Smith and Sweet participated in a protest march, that both made threatening comments to police officers, and that Gonzales was vocally dissatisfied with the service afforded her and her companions in an eating establishment. There was no evidence that Smith or Sweet struck or even touched a police officer, that they actually offered a physical threat to any officer, or that they violated any law. Likewise, there was no evidence of any wrongdoing by Gonzales with the possible exception of the utilization of an intemperate expletive or two. In neither case was there any evidence that the actions of any of the appellants were inore than annoying to those around them, and a violation of Fla.Stat. § 877.03, F.S.A., requires more than the creation of a mere annoyance. 287 So.2d at 670.
After this decision,[6] if not before, it should have been clear that Section 877.03 did not outlaw selling newspapers, however enthusiastically.
The incident which gave rise to the present case antedates our most recent decision construing the statute, White v. State, 330 So.2d 3 (Fla.1976).[7] In White we recognized that Section 877.03 required judicial narrowing in order to withstand a constitutional challenge on the grounds of over-breadth. Still more recently, we discussed the “[sjpecial rules of decision applicable] in cases where a statute makes speech punishable as a crime.” Spears v. State, 337 So.2d 977 (Fla.1976). We concluded that:
Statutes regulating speech must “punish only unprotected speech and not be sus *644 ceptible of application to protected expression.” Gooding v. Wilson, 405 U.S. at 522, 92 S.Ct. at 1106, 31 L.Ed.2d at 414. Where a legislative enactment “is susceptible of application to protected speech, . [i]t is constitutionally overbroad and therefore is facially invalid.” Lewis v. New Orleans, 415 U.S. 130, 134, 94 S.Ct. 970, 972, 39 L.Ed.2d 214, 220 (1974). Consistently with the United States Supreme Court’s decisions, nobody can be punished under a statute purporting to outlaw spoken words, if the statute would be unconstitutional as applied to anybody. “This result is deemed justified since the otherwise continued existence of the statute in unnarrowed form would tend to suppress constitutionally protected rights.” Coates v. City of Cincinnati, 402 U.S. at 620, 91 S.Ct. at 1691, 29 L.Ed.2d at 221.
In light of these considerations, we now limit the application of Section 877.03 so that it shall hereafter only apply either to words which “by their very utterance . inflict injury or tend to incite an immediate breach of the peace,” White v. State, 330 So.2d at 7; see Chaplinsky v. New Hampshire, 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others. We construe the statute so that no words except “fighting words” or words like shouts of “fire” in a crowded theatre fall within its proscription, in order to avoid the constitutional problem of overbreadth, and “the danger that a citizen will be punished as a criminal for exercising his right of free speech.” Spears v. State, supra, 337 So.2d at 980. With these two exceptions, Section 877.03 should not be read to proscribe the use of language in any fashion whatsoever.[8] To this extent, we modify our previous decisions construing the statute.
We have taken pains to delineate precisely which words are proscribed because “the mere existence of statutes . purporting to criminalize protected expression operates as a deterrent to the exercise of the rights of free expression.” Id. There is also a problem of vagueness with respect to which acts are proscribed by Section 877.03, see Annot., 12 A.L.R.3d 1448 (1967), but this vagueness issue is an abstract question which does not now require decision. Because we have concluded that Stephens’ conduct falls outside the statutory prohibition, there is no occasion in the present case to resolve the question whether the statute would have been vague if it had proscribed his conduct. If events require, we will continue to decide on a case by case basis whether Section 877.03, as construed, gives adequate notice to any citizen whom the authorities prosecute under the statute.
The judgment is affirmed.
OVERTON, C. J., and BOYD, ENGLAND and SUNDBERG, JJ., concur.
ROBERTS and ADKINS, JJ., concur in result only.

. Section 877.03 provides as follows:
Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

.On account of the ban against ex post facto laws, see Article 1, Section 10, and Article 10, Section 9, Florida Constitution; Article 1, Section 9, Constitution of the United States, we are concerned here only with the law existing at the time of the alleged offense. At that time, Florida law permitted citizens forcibly to resist unlawful arrests. Alday v. State, 57 So.2d 333 (Fla.1952); Gay v. State, 147 Fla. 690, 3 So.2d 514 (1941); Burgess v. State, 313 So.2d 479 (Fla. 2d DCA 1975) merits not reached 326 So.2d 441 (Fla.1976); English v. State, 293 So.2d 105 (Fla. 1st DCA 1974); Smith v. State, 292 So.2d 69 (Fla. 3rd DCA 1974) cert. den. 297 So.2d 570 (Fla.1974); Kishel v. State, 287 So.2d 414 (Fla. 4th DCA 1974). The rule was stated in Phillips v. State, 314 So.2d 619, 620 (Fla. 4th DCA 1975), as follows:
[I]f a person . . is to be convicted of resisting [a warrantless] arrest with violence, the state must prove that the officer was attempting to make an arrest which he had lawful authority to make without a warrant. Licata v. State, 156 Fla. 692, 24 So.2d 98 (1945); Kirby v. State, 217 So.2d 619 (4th DCA Fla.1969). See Jones v. State, 293 So.2d 116 (3d DCA Fla. 1974); Smith v. State, 292 So.2d 69 (3d DCA Fla. 1974); Rosenberg v. State, 264 So.2d 68 (4th DCA Fla. 1972); F.S. 843.01 (1973).
After the episode which gave rise to these proceedings, the legislature enacted Ch. 74-383 § 13, Laws of Florida, now codified as Section 776.051 and effective July 1, 1975. Section 776.051(1) provides:
A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer.
Pursuant to Ch. 74-383 § 1, Laws of Florida, codified as Section 775.011, Florida Statutes (1975), the provisions of Section 776.051 are not applicable in the present case.

. In State v. Magee, 259 So.2d 139 (Fla.1972), this Court affirmed a conviction under Section 877.03 for fornication in the front seat of an automobile and “h[e]ld Fla.Stat. § 877.03, F.S.A., to be constitutional.” 259 So.2d at 141. But cf. E. G. v. State, 326 So.2d 445 (Fla. 1st DCA 1976) (disorderly conduct not a lesser included offense of prostitution where “appellant allegedly engaged in prostitution in a quiet and orderly manner.” at 446). In State ex rel. Springer v. Smith, 189 So.2d 846 (Fla. 4th DCA 1966), the City of Dania had enacted an ordinance incorporating by reference all misdemeanors under state law. In this indirect way, Section 877.03 was brought to bear against a citizen “charged [under the ordinance] with disorderly conduct and with possessing and showing, obscene motion picture films." 189 So.2d at 847. See also Moffett v. State, 340 So.2d 1155 (Fla.1976).

. A delinquent child is defined as “a child who commits a violation of law.” Section 39.-01(12), Florida Statutes (1975).

. The first time was in State v. Magee, 259 So.2d 139 (Fla.1972). See ante, p. 642 n. 3.

. The United States Court of Appeals for the Fifth Circuit concluded that Section 877.03 was constitutionally overbroad even as narrowed by the decisions in In re Fuller, 255 So.2d 1 (Fla.1971), and Gonzales v. City of Belle Glade, 287 So.2d 669 (Fla.1973):
Nothing in the construction by the state supreme court of F.S. 877.03 limits the application of the statute to those disturbances caused by a narrow class of unprotected speech — “fighting words,” Gooding v. Wilson, 405 U.S. 518, 523, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); Chaplinsky v. New Hampshire, 315 U.S. 568, 574, 62 S.Ct. 766, 86 L.Ed. 1031 (1942)—as opposed to those caused by controversial ideas. While the narrowing construction is thus remedial, the Florida courts have not construed F.S. 877.03 “so as to avoid all constitutional difficulties.” United States v. Thirty-Seven Photographs, 402 U.S. 363, 369, 91 S.Ct. 1400, 1405, 28 L.Ed.2d 822 (1971).
Wiegand v. Seaver, 504 F.2d at 307.
Subsequently a different panel of the Fifth Circuit refrained from reaching the merits in a habeas proceeding because they were persuaded “that Florida may change its position with respect to the statute.” Glenn v. Askew, 513 F.2d 61, 62 (5th Cir. 1975).

.We followed White in State v. Dwyer, 332 So.2d 333 (Fla.1976).

. Without exception, Section 877.03 should not be read to proscribe the exhibition of motion picture films.