## STATE OF FLORIDA v DEGLOPPER

Case No. 88-311 AC

*Eleventh Judicial Circuit, Dade County*

October 6, 1989

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General, **Jorge Espinosa,** Assistant Attorney General, for appellant.

**James McGuirk,** P.A. and Busot & Busot, Aldo G. Busot, for appellee.

Before HENDERSON, KORNBLUM, KAHN, JJ.

### OPINION OF THE COURT

PER CURIAM

The Appellee's misdemeanor (DUI) charge was dismissed because the offense was not committed in the presence of the arresting officer. We reverse.[1]

---

[1] We note Appellee's Motion to Present Supplement Argument and Supplement Argument. That motion was granted and we considered the Supplemental Argument.

Two officers in a police vehicle followed the Appellee to his home at night after having observed him driving without headlights. In addition, the officers received information relayed by car phone from a civilian who obsreved the Appellee's vehicle weaving in and out of traffic. When those officers confronted the Appellee in his driveway, they detected an odor of alcoholic beverage as well as bloodshot eyes and slurred speech. The policemen called a third officer to the scene, and that officer offered the Appellee roadside tests which the Appellee refused to perform. The third officer arrested the Appellee.

The Appellee's Motion to Dismiss was granted because the arresting officer did not observe the Appellee driving, and Section 901.15(5) of the Florida Statutes rquires that absent a warrant, the offense with which the Appellee was charged be committed in the presence of the arresting officer.

Although the arresting officer did not see the Appellee driving, the other two officers on the scene did, and Section 901.18 of the Florida Statutes permits an officer to command aid of other persons who shall have the same authority to arrest as that officer. That section applies to other police officers. *Kirby v State,* 217 So.2d 619 (Fla. 4 DCA 1969); *McClendon v State,* 440 So.2d 52 (Fla. 1 DCA 1983). In *Kirby* as here the officer summoned to assist another officer had the right to do whatever the summoning officer himself might lawfully do. That includes making the arrest and not merely assisting another officer in doing so.

Reversed and remanded for proceedings consistent with this Opinion.