UNITED STATES of America

v.

James M. SVAIB.

No. 95–49–MJ.

United States District Court, M.D. Florida, Tampa Division.

April 10, 1996.

---

Taracks & Brown, P.A., Jeffrey G. Brown, Clearwater, FL, for Defendant.

## ORDER

JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of defendant's motion to suppress which was heard on March 28, 1996. Defendant seeks to suppress all evidence obtained as a result of his arrest for driving under the influence (DUI) on December 7, 1995 at McDill Air Force Base.

## FACTS

On the morning of December 7, 1995 defendant James V. Svaib (Svaib) was being treated at the emergency room of the base hospital for complaints of chest pain. A blood test taken at about 9:30 a.m. indicated that his blood alcohol content was .239, well above the legal limit of .08 established under Fla.Stat. § 316.193. Dr. Kelly O'Keefe, the emergency room physician, told defendant he could not drive for this reason. However, the defendant left the hospital. Technical Sergeant John Luceroni located defendant in the company of two other individuals dining at a cafe on base. Defendant was drinking a beer. Luceroni identified himself as McDill security police officer to which defendant responded: "If this is about the hospital, my friend drove me there." Luceroni replied: "Is that right" and defendant then stated: "OK, I drove here."

Luceroni observed that defendant's eyes were bloodshot and his speech was somewhat thick-tongued. Defendant was wearing a walking cast on his leg and so Luceroni could not attribute any gait problem to the effects of alcohol. Luceroni has about 20 years ex-

perience as a security officer, including training in investigation DUIs.

Luceroni admitted that at the point he made these observations defendant was not free to leave. He transported defendant to the base police station and administered field sobriety tests. Luceroni also spoke with the base duty attorney, Captain Thomas A. Dukes, Jr., and sought his advice as to probable cause. Dukes told Luceroni that because defendant had admitted driving his vehicle he could be charged with DUI based upon Luceroni's observations.

Luceroni never saw defendant operate his vehicle prior to detaining him. He did observe car keys in defendant's hand at the police station.

## DISCUSSION

Defendant was cited for violating Fla.Stat. § 316.193 which requires that a person be: 1) driving or in actual physical control of a vehicle; and 2) under the influence of alcoholic beverages to the extent that the normal facilities are impaired or have a blood or breath alcohol level of .08 or higher.

■ Both the government and defendant agree that Fla.Stat. § 901.15(5) governs the issue presented in the motion to suppress. Moreover, the validity of a warrantless arrest in a misdemeanor case is usually governed by state law. *Johnson v. United States*, 333 U.S. 10, 15 n. 5, 68 S.Ct. 367, 369 n. 5, 92 L.Ed. 436 (1948) (citation omitted). Fla.Stat. § 901.15(5) provides that a law enforcement officer may arrest a person without a warrant when "a violation of Chapter 316 has been committed in the presence of the officer ..."

■ While agreeing that the officer had the right to approach defendant based on the information previously provided and question him, defendant contends that because the arresting officer did not observe him driving or in actual physical control of a vehicle, a necessary element for DUI, his warrantless arrest was unlawful.[1] The government responds that the first-hand knowledge re-

1. Although Fla.Stat. § 616.645 permits an arrest at the scene of an accident when the crime is not committed in the officer's presence, this excep-
tion applies only in the case of a traffic accident, a situation not presented here.

quirement of the statute is met because defendant admitted to the officer that he had been driving.

The parties report their inability to locate cases applying the statute in a DUI arrest. Defendant cites an opinion by the Florida Attorney General that it is unlawful for a police officer to effect a warrantless arrest for driving under the influence when the violation does not occur in the presence of the office. *See* 59 Op.Att'y Gen. 59 (1959).

This court's own research has led to the cases of *Brown v. State,* 91 So.2d 175 (Fla. 1956) and *Kirby v. State,* 217 So.2d 619 (Fla. 4th DCA 1969). In *Brown,* the court found that a defendant's voluntary admission that his vehicle was stocked with moonshine was tantamount to the commission of a misdemeanor in the officer's presence, and thus the officer was authorized to arrest the defendant without a warrant. 91 So.2d at 176.

In *Kirby,* the defendant was arrested upon admitting that he knowingly allowed an unauthorized person to drive his car. 217 So.2d at 620. The court found that even though the officer did not observe the defendant's initial authorization, the defendant's verbal admission was sufficient to make the offense one "committed in the presence of an officer." *Id.* at 621.

The *Brown* and *Kirby* cases support a finding that a suspect's admission as to an essential element of a crime satisfies the requirements of Fla.Stat. § 316.193 that the violation be committed in the arresting officer's presence. Defendant's motion to suppress is denied.

Upon consideration, it is ORDERED:

(1) Defendant's Motion to Suppress All Evidence Due to Unlawful Arrest is DENIED.

DONE AND ORDERED at Tampa, Florida this 10th day of April, 1996.