# Third District Court of Appeal
## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1693
Lower Tribunal No. A9KT91E
_____

**Rene Castillo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lizzet Martinez, Judge.

Patrick Wilson Law, PLLC, and Patrick Wilson and Mike Giesen, for appellant.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and GORDO and BOKOR, JJ.

BOKOR, J.

Rene Castillo was charged with driving under the influence in violation of section 316.193(1), Florida Statutes. He pleaded not guilty and was convicted after a jury trial. On appeal, he argues that his warrantless arrest for a misdemeanor was unlawful because it did not occur before the arresting officer. Consequently, he argues that the trial court reversibly erred by denying his motion to suppress "all post-seizure observations" flowing from that arrest. As explained below, we affirm because the arrest was lawful. Because the arrest was lawful, most if not all of the testimony relating to the post-arrest actions and observations were properly admitted. And to the extent any testimony was permitted in error, based on the overwhelming evidence presented, at most such testimony was cumulative and there is no reasonable possibility the error contributed to the verdict.

I.

Officer Hechavarria of the South Miami Police Department was driving home from work. Coming to gridlocked traffic, he assumed that there was likely an accident ahead and got out of his vehicle to investigate. Arriving at the blockage, Hechavarria found a vehicle stopped in the middle of the road and, nearby, found appellant Rene Castillo: lethargic, slurring his speech, stumbling, and having so much difficulty standing that he nearly fell "flat on his face." Other people at the scene told Hechavarria that they had found

2

Castillo asleep in his car in the middle of the road. The bystanders roused Castillo, pulled him from the vehicle, took his car keys from the ignition, and transported him to a safer area where Hechavarria then observed him. Castillo admitted to Hechavarria that he had come from several miles away and been trying to park the vehicle in the driveway of his house, which was nearby. Hechavarria quickly assessed the situation as an emergency and concluded that Castillo was drunk.

Because Hechavarria was outside his jurisdiction, he radioed for an officer from Miami-Dade County Police Department. That officer, Officer Thompson, soon arrived, and Hechavarria briefed him on his investigation and conclusions. Thompson himself also noted that Castillo appeared "heavily intoxicated," smelled like alcohol, was sweaty, disheveled, and had bloodshot eyes. Castillo declined field sobriety testing and a breathalyzer. Finding probable cause to do so, Thompson arrested Castillo. At some point, Castillo's wife arrived at the scene and Officer Thompson returned Castillo's car keys to her.

Castillo moved in limine to suppress "all post-seizure observations made by law enforcement" on the grounds that the arrest was unlawful. The court denied this motion. At trial, the jury heard evidence that Castillo acted belligerent post-arrest, kicking the police car, and that Castillo was medically

cleared before being admitted to jail. The jury returned a verdict of guilty, and the trial court entered judgment against Castillo. This appeal followed.

II.

Pursuant to Florida law, a law enforcement officer can arrest a person for misdemeanor DUI without a warrant in only three circumstances:

> (1) the officer witnesses each element of a prima facie case, (2) the officer is investigating an accident and develops probable cause to charge DUI, or (3) one officer calls upon another for assistance and the combined observations of the two or more officers are united to establish the probable cause to the arrest.

Wagner v. State, 361 So. 3d 388, 390–91 (Fla. 4th DCA 2023) (quoting Sawyer v. State, 905 So. 2d 232, 234 (Fla. 2d DCA 2005)). The third circumstance is also called the "fellow officer rule," under which an arresting officer may assume probable cause based on information supplied by other officers. See Voorhees v. State, 699 So. 2d 602, 609 (Fla. 1997). A person is guilty of driving under the influence if they are "driving or in actual physical control of a vehicle . . . under the influence of alcoholic beverages" to the extent that their normal faculties are impaired. § 316.193(1)(a), Fla. Stat.

Here, the arresting officer directly witnessed the impairment of Castillo's faculties and several indicia that this impairment arose under the influence of alcoholic beverages. Castillo smelled like alcohol, was unable to stand without falling over, was sweaty, disheveled, and had bloodshot eyes.

4

But Thompson did not directly witness Castillo "driving or in actual physical control" of the vehicle. Hechavarria did not directly witness Castillo drive or control the vehicle, either. But Castillo admitted as much by telling Hechavarria that he had come several miles to park the car in his nearby driveway.

So the question becomes, can an admission to one officer act as that officer's "observation" for purposes of the fellow officer rule? Yes. The Fourth District has held that an element of a misdemeanor driving offense can occur in the constructive presence of an arresting officer "by virtue of [the defendant]'s admission." Kirby v. State, 217 So. 2d 619, 621 (Fla. 4th DCA 1969). The Florida Supreme Court has also recognized an oral admission as "tantamount to the commission of the offense . . . in the presence of the officer," and concluded that the officer was authorized under those circumstances to arrest the defendant without a warrant. Brown v. State, 91 So. 2d 175, 177 (Fla. 1956). Here, Castillo's admission to having been in actual control of the vehicle was constructively equivalent to it having occurred in Hechavarria's presence. And under the fellow officer rule, we can combine the observations of Hechavarria with those of the arresting officer, Thompson, to establish probable cause. Each element of the crime therefore occurred within the presence of deputized law enforcement officers whose

5

"combined observations . . . united to establish the probable cause to the arrest." Wagner, 361 So. 3d at 390–91 (quotation omitted). The arrest was lawful.

Furthermore, in Lubash v. State, this court affirmed a misdemeanor conviction for willful obstruction of traffic where the defendant was seen walking away from a vehicle "parked about five or ten feet away in such a manner as to obstruct traffic." 296 So. 2d 565, 565 (Fla. 3d DCA 1974). We explained:

> Appellant argues that the evidence was illegally obtained due to the fact that the arrest for obstructing traffic was not lawful because the offense was not committed in the presence of the officer. We find little merit to this point. The offense of willful obstruction of traffic was continuing in nature and therefore was committed in the officer's presence where the officer could detect the offense by use of his sight and his hearing.

Id. at 566 (citations omitted). Here, the arresting officer could likewise "detect the offense by use of his sight and his hearing"—and, in this case, by the smell of alcohol—having directly witnessed Castillo's manifest intoxication and the presence of Castillo's car in the road. Id.

Turning to Castillo's argument regarding purportedly improper testimony, a trial court's ruling on a motion to suppress is subject to harmless error analysis. Arnold v. State, 358 So. 3d 792, 795 (Fla. 3d DCA 2023). The harmless error test places the burden on the State, as the beneficiary of the

error, to prove beyond a reasonable doubt that it did not contribute to verdict. State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986). This determination is based on an examination of the entire record and the impermissible evidence that might have influenced the verdict. Corona v. State, 64 So. 3d 1232, 1243 (Fla. 2011). The court should also consider whether the erroneously admitted evidence was cumulative to properly admitted evidence and relevant to the disputed issues at trial. See, e.g., Sutton v. State, 909 So. 2d 292, 296 (Fla. 3d DCA 2004). But here, we need not engage in such an analysis because the legality of the arrest was the basis for the motion to suppress and was not the basis of the argument on appeal. See J.A.B. Enters. v. Gibbons, 596 So. 2d 1247, 1250 (Fla. 4th DCA 1992) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief."). And, on the argument presented, we hold the arrest was legal under the circumstances present.

If we analyze the post-arrest testimony under a harmless error analysis, we come to the same result. No reasonable possibility exists that any alleged errors contributed to Castillo's conviction. The record reveals that very few "post-seizure observations" within the scope of Castillo's motion were ever presented to the jury. The jury heard that Castillo kicked the window of the police car and that he was medically cleared at the jail, but

7

neither of these were relevant to the disputed issues, except to the extent that belligerence is sometimes associated with drunkenness. Even so, the record was so replete with evidence of Castillo's intoxication that it is not reasonable to conclude that this highly cumulative tidbit could have had any impact on their ultimate verdict. Any claimed error was, at best, harmless.

Affirmed.