120 So.2d 23 (1960)
CITY OF MIAMI, a Municipal Corporation, Michael D. Clark and James J. O'Brien, Appellants,
v.
Orville H. ALBRO, Appellee.
No. 59-40.
District Court of Appeal of Florida. Third District.
May 2, 1960.
Rehearing Denied May 17, 1960.
*24 William L. Pallot, City Atty., and John S. Lloyd, Sp. Counsel, Miami, for appellants.
Armand J. Brissette, Jr., and Samuel D. Wallace, Miami, for appellee.
*25 PEARSON, Judge.
The defendant city and defendant Clark jointly appeal from a final judgment, based on a jury verdict, rendered in an action for personal injuries alleged to have been inflicted by two police officers, Clark and O'Brien. Plaintiff brought his action against the City of Miami and the two police officers.
The complaint was in two counts. The first alleged that the plaintiff was wrongfully and maliciously arrested without a warrant or other lawful authority and that when the officers met with resistance, asserted by the plaintiff in protecting himself, the officers assaulted the plaintiff. This count concludes with a claim for damages. The second count realleges all of the matters set forth in count one and claims damage for the unlawful imprisonment of the plaintiff. Answers were filed on behalf of the city and the officers and the cause came on for trial.
The defendants moved for a directed verdict at the close of the plaintiff's case and renewed the motion at the conclusion of all of the evidence and after verdict. A verdict was rendered for the plaintiff against all three defendants and the court entered final judgment.
This appeal has been taken on behalf of the City of Miami and officer Clark. No appeal was taken on behalf of officer O'Brien. In this connection the appellee contends that inasmuch as there is no appeal by officer O'Brien, a reversal upon the sufficiency of the evidence is impossible. The position is untenable because the city and officer Clark have a right of appeal, as does any party who shall feel aggrieved by a final judgment.[1]
The appellants, city and officer, have assigned as errors the court's failure to direct a verdict upon each of the counts. In addition there are assignments of error going to the admission of certain evidence and assignments directed to the charge of the court. The gist of the first count of the complaint is the use of excessive force in the arrest. The second count charges that the same acts constituted an unlawful imprisonment.
In considering the sufficiency of the evidence to support the verdict for the plaintiff we have viewed the evidence in the light most favorable to the plaintiff. The plaintiff was in a bar where he had ordered beer. The police officers were upon the public street outside of the bar but could view the plaintiff through an open door. It was approximately 2:00 A.M., and there were many persons in the bar. The plaintiff was speaking in a loud voice, waving his arms and using profane language. There is a conflict as to the state of the relative sobriety of the plaintiff and we therefore eliminate such from consideration. Officer Clark entered the establishment and arrested the plaintiff. Plaintiff testified that he objected to the arrest. Officers Clark and O'Brien then escorted the plaintiff to the public street where they waited for transportation to the police station. Officer Clark was holding the plaintiff by his right arm which was bent behind the latter's back. The plaintiff, while protesting what he termed the unlawful arrest, was pushed toward the rear door of the police vehicle and in the process his arm was broken. Thereafter the plaintiff was taken, while in custody, to the hospital and was later charged with being drunk, disorderly conduct and resisting arrest.
An officer may be held liable for his wrongful acts[2] and a city may likewise be liable for the violations of law which result in damages to citizens whether the activities of its agents are in the exercise of governmental or private functions. Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193.
*26 Although the Hargrove case, supra, established the liability of the city for the negligent acts of its officers in the performance of governmental functions it does not follow that the duty of care of the city is the same as that of an individual. The law imposes upon the city and the officers thereof duties which they must perform. In the performance of these duties the city and the officers thereof must take actions which an individual is not ordinarily called upon to take. For example, an officer of the city in directing traffic must expose himself to the dangers of traffic, and therefore the standard of care exercised by him must be judged more liberally. See Radtke v. Loud, Fla.App. 1957, 98 So.2d 891, 894. It is unthinkable that a municipal corporation exercising its police power for the protection of the public should be liable in damages for every mistake of judgment by its officers.
In considering the legality of an arrest by a municipal officer for a breach of the peace committed in his presence, the determining factor is not whether the charged person is actually guilty. The question to be determined is whether or not the officer had substantial reason to believe the plaintiff was committing a misdemeanor. If substantial reason exists the courts cannot second guess the officer in the performance of his duty. In the instant case the cause was not submitted to the jury upon the issue of whether the officer used excessive force but on the issue of whether the plaintiff committed an offense.[3]
In determining whether the officers applied excessive force in making the arrest the jury should be instructed upon that issue. The limit of the force to be used by the police is set at the exercise of such force as reasonably appears necessary to carry out the duties imposed upon the officers by the public. See Dixon v. State, 101 Fla. 840, 132 So. 684, 688; Hutchinson v. Lott, Fla.App. 1959, 110 So.2d 442, 444. See also Restatement, Torts, § 132; Prosser, Torts, 111 (2nd ed. 1955). Whether the force used is reasonable is a question of fact to be determined in light of the circumstances of each particular case. In any case the officer can never use more force than reasonably appears to be necessary, or subject the person arrested to unnecessary risk of harm. If the officer exceeds the amount of force he is privileged to use under the circumstances, he is liable for only so much of the force as is excessive.
Although the case of Middleton v. City of Fort Walton Beach, Fla.App. 1959, 113 So.2d 431, was not available to the trial court or the writers of the briefs before us it is necessary to consider it in connection with the question of liability. In the Middleton case, it was alleged that a police officer of the defendant city arrested the plaintiff pursuant to a warrant known by the officer to be void, and it was further alleged that the clerk of the municipal court had acted falsely and maliciously in executing the jurat to the affidavit and issuing the warrant for arrest. The court held that the arrest of the plaintiff pursuant to the warrant was an act which was quasi-judicial in character and therefore the doctrine of respondeat superior would not be extended in that case to render the city liable for such a tort. The acts as alleged in the instant case, of the use of excessive force in making an arrest without a warrant, cannot come within the protective cloak of immunity set forth in the Middleton case. The Hargrove case holds that a municipal corporation is not immune from liability for the torts of police officers. It further holds that a municipality may be held liable for the torts of police officers under the doctrine of respondeat *27 superior. We therefore hold that a municipal corporation may be held liable for torts of the nature alleged in the complaint now before us.
We turn briefly to the question of whether the evidence supported a charge of false imprisonment. The elements of this tort and the extent of the application of the doctrine of respondeat superior have been set forth in Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214. In that case the court pointed out that in order to recover it must be shown that the restraint was unreasonable and was not warranted by the circumstances. Florida has recognized, however, that to cause a person's imprisonment for the purpose of vindicating public justice is not ordinarily actionable. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757. Therefore there was no substantial difference between plaintiff's first count in which he alleged the use of excessive force in the making of an unlawful arrest and his second count in which he claimed damages for the subsequent confinement. The only purpose the second count could serve was to broaden the scope of the special damages claimed. The question of the liability of the city and the officers will be measured by the standards above discussed as they applied to the arrest.
In view of the above holdings it would be unnecessary to consider the assignments of error directed to the admission of evidence. Because this cause must be retried we have examined these assignments and have reached the conclusion that the court's rulings on evidence did not constitute a reversible error.
Inasmuch as the verdict cannot stand, this cause is remanded for a new trial. The plaintiff's contention that his cause of action rests upon the use of excessive force regardless of the legality of the arrest gives rise to the conclusion that he may desire to amend his complaint. An opportunity to make any amendment desired should be accorded to the plaintiff prior to the retrial of the cause.
Reversed and remanded for a new trial.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] See Rule 3.11, subd. a, Florida Appellate Rules, 31 F.S.A.
[2] Kennedy v. City of Daytona Beach, 132 Fla. 675, 182 So. 228.
[3] "I charge you, gentlemen, that unless the officers attempting to arrest the plaintiff in this case either had, at the time, or knew of their own personal knowledge, or the personal knowledge of one of said officers, that the plaintiff committed an offense against the City of Miami, then their attempt to arrest the plaintiff was unlawful, and the plaintiff had the right to resist or flee the same."