TILLMAN PEARSON, Judge.
The office of the Sheriff of Dade County had been investigating alleged vice and bolita operations in the County under the Sheriff’s standing orders. A Deputy Sheriff received information from an informer that a certain duplex was temporarily being used by a bolita collector where “ * * * drop-off men would drop off tickets or slips * * * and money.” The Deputy Sheriff, acting as an under-cover man, observed the duplex for several days during which time he saw cars park and the drivers go into the duplex then immediately leave and drive away. As a result of what had been observed and the reliability of the informer, the Deputy Sheriff executed an affidavit for the issuance of a search and seizure warrant for the search of the plaintiff’s home (the duplex under observation).
The warrant was served by two other deputies from the Sheriff’s office. The plaintiff, Elvira Sanchez, refused to open the door whereupon the officers broke into the duplex. The deputies physically detained the plaintiff while the premises were being searched. Certain papers and money were confiscated and the plaintiff was taken to the Sheriff’s office where charges were preferred against her.
Subsequently, a preliminary hearing was held before the Justice of the Peace Court at which time an order discharging the plaintiff was entered because it appeared no offense had been committed.
Thereafter, Elvira Sanchez, sued Metropolitan Dade County, the Sheriff of Dade County and several deputy sheriffs. She alleged that one of the deputy sheriffs wrongfully procured a search warrant and that the deputies thereafter falsely arrested her, that excessive force was used in making the arrest, that she was falsely imprisoned and maliciously prosecuted. The trial judge entered a summary final judgment for the Sheriff and Metropolitan Dade County.
It has often been pointed out that a ruling of a trial judge should be sustained in the appellate court if it is correct even though erroneous grounds are stated for the judgment. In the instant case we do no reach the question of whether or not the grounds given by the trial judge were sufficient because our examination of the record reveals that the affidavits and depositions, together with the pleadings in the cause, establish without issue that the warrant was issued on probable cause, was served lawfully and the arrest was lawful in view of the circumstances.
In City of Miami v. Simpson, Fla.1965, 172 So.2d 435, the Supreme Court cited with approval City of Miami v. Albro, Fla. App.1960, 120 So.2d 23, indicating that in *52 ■establishing the standard of care to bé imposed upon municipal police officers and other city employees charged with similar responsibilities due regard should be given to the type of duty which is required to be performed in the public interest.
In City of Miami v. Albro, supra, it was pointed out:
"In considering the legality of an arrest by a municipal officer for a breach of the peace committed in his presence, the determining factor is not whether the charged person is actually guilty. The question to be determined is whether or not the officer had substantial reason to believe the plaintiff was committing a misdemeanor. If substantial reason exists the courts cannot second guess the officer in the performance of his duty. * * * ” 120 So.2d at 26. See also Weil v. City of Miami Beach, Fla.App. 1963, 158 So.2d 798.
Having reached the decision that no actionable tort was shown, we affirm and do not reach the questions of lack of notice and immunity from suit.
Affirmed.