264 So.2d 68 (1972)
Paul Henry ROSENBERG, Appellant,
v.
STATE of Florida, Appellee.
No. 70-992.
District Court of Appeal of Florida, Fourth District.
June 28, 1972.
Walter N. Colbath, Jr., Public Defender, and Carl V.M. Coffin, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
On this appeal from a conviction of resisting arrest with violence appellant's sole *69 point questions the sufficiency of the evidence to establish the legality of the arrest.
Appellant was arrested by a Fort Lauderdale police officer on the charge of drunk from drugs, F.S. Section 856.01, F.S.A. Appellant concedes that he resisted such arrest with violence, but states that he did so justifiably because the arrest was unlawful. The police officer had no warrant and since the charge for which appellant was arrested is a misdemeanor, the arrest would be lawful only if the offense occurred in the officer's presence.
It was the state's burden to prove that the officer was making an arrest lawfully. Kirby v. State, Fla.App. 1969, 217 So.2d 619. Appellant's argument is that (1) the state was unable to prove that appellant was, in fact, drunk from drugs, (2) therefore he was not guilty of committing a misdemeanor in the officer's presence, (3) hence, the arrest is rendered unlawful, and (4) ergo, the resistance to such arrest is fully justified. As we understand this argument, the legality of a warrantless arrest for a misdemeanor which is alleged to have occurred in the presence of the arresting officer necessarily depends upon actual guilt of the offense for which arrested. We must reject any such concept. The determining factor is not whether the arrested person is actually guilty, but whether or not the officer had substantial reason to believe that such person was committing a misdemeanor. Miami v. Albro, Fla.App. 1960, 120 So.2d 23; Sanchez v. Buchanan, Fla.App. 1965, 175 So.2d 50.
On this factual issue, i.e., whether the officer had substantial reason to believe that the defendant was committing a misdemeanor in the officer's presence, we find in the record before us sufficient evidence upon which the trier of fact could reasonably conclude that the arresting officer had substantial reason to believe that appellant was drunk on drugs. Hence, the court did not err in denying appellant's motion for judgment of acquittal, and in denying appellant's motion for new trial, the denial of which motions is assigned as the error supporting this point on appeal.
It is clear that appellant felt that he had been arrested on a groundless charge, and that this was part of the "establishment's" harassment of him because of his unconventional appearance. Assuming that appellant was in fact innocent of the misdemeanor for which he was arrested, the proper forum in which to deal with such charge is a court of law. Appellant's determination to conduct his defense then and there at the scene of the arrest with a crude type of "trial by wager of battle", while understandable as a natural impulsive reaction, nonetheless simply cannot be condoned.
The judgment is affirmed.
REED, C.J., and WHITE, JOS. S., Associate Judge, concur.