HENDRY, Judge.
Appellee-defendant, the City of Miami, seeks review of a $5,000.00 judgment, entered pursuant to a jury verdict in that amount, in favor of appellee David Spicy, successor administrator of the estate of Alton Jimmie Exson, in an action for false imprisonment brought under the survival statute.
The first administrator filed suit against Dade County, the City of Miami, and a physician working at Jackson Memorial Hospital, which is operated by the County. The county and the physician entered into a settlement with the plaintiff, leaving the city as the only defendant. The city’s motion for summary judgment was granted in part so that the issues became joined solely as to the allegations that the decedent was falsely imprisoned by a police officer, for which the city would be liable under the doctrine of respondeat superior.
We express the view that City of Miami v. Albro, Fla.App.1960, 120 So.2d 23 is controlling, and that the evidence presented was insufficient to sustain the verdict of liability against the city.
*102 On July 1, 1962, police officers found Alton Jimmie Exson in a dazed condition suffering from a head injury. The arresting officer testified that Exson acted drunk rather than injured, even though blood was on the seat of the taxicab and the sidewalk and the officer saw a cut at the back of Exson’s head. The officer did not detect any alcohol on his breath. The officer also explained that none of Exson’s co-workers would take him home. Therefore, Exson was taken into custody and transported by ambulance to Jackson Memorial Hospital for an examination. The officer filled out both an examination report and an arrest report for drunkenness.
The physician at the hospital conducted an examination which revealed a small laceration in the back of his head and a negative neurological indication. While being examined, Exson admitted to the physician that he had been drinking.
After the examination was completed, Exson was released to the police department and was taken to jail. The next day, his condition worsened, and he was returned to Jackson Memorial Hospital. He died on July 19, 1962. The autopsy report showed that deceased suffered multiple fractures of the skull and multiple contusions and lacerations.
In the Albro case, supra, at p. 26, the court stated:
“In considering the legality of an arrest by a municipal officer for a breach of the peace committed in his presence, the determining factor is not whether the charged person is actually guilty. The question to be determined is whether or not the officer had substantial reason to believe the plaintiff was committing a misdemeanor. If substantial reason exists the courts cannot second guess the officer in the performance of his duty. In the instant case the cause was not submitted to the jury upon the issue of whether the officer used excessive force but on the issue of whether the plaintiff committed an offense.”
The officer observed Exson in a dazed, incoherent condition with glassy eyes, and suffering from a cut. The officer described him as being drunk, even though he smelled no alcohol on Exson’s breath, and placed him under arrest. The officer sent Exson to the hospital for examination, which examination disclosed no severe injuries and during which time Exson admitted drinking. Drunkenness, for which Ex-son was placed under arrest, was a misdemeanor under § 856.01, Fla.Stat.1959, F.S. A., (which was identical to the present statute before its repeal by 1971 Laws of Florida, Ch. 71-132, § 17, to be effective July 1, 1973) and the predecessor municipal ordinance sections of the City of Miami Code §§ 38-13 and 38-50. Under the circumstances reasonable men could not differ that the police officer acted reasonably. Thus, the lower court erred in failing to direct a verdict for the defendant.
Therefore, the judgment appealed is reversed and remanded with directions to enter a verdict for the defendant city.