303 So.2d 35 (1974)
Vincent Lamar CLARKE, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-478.
District Court of Appeal of Florida, Third District.
November 19, 1974.
Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, and Kurt Marmar, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The defendant was charged by information with the crimes of possession of cocaine, possession of heroin, resisting an officer with violence to his person and assault and battery on the officer. Upon non-jury trial the defendant was found guilty of all four counts and was so adjudged and sentenced to imprisonment for *36 a term of eight years in the state penitentiary. On appeal therefrom, he contends that the trial court erred in denying his motion to suppress, both before and during trial and that the evidence was insufficient to sustain a conviction for resisting an officer with violence.
On November 3, 1973, several police officers arrived at a particular corner in Opa Locka, Florida, in response to a telephone call advising them that narcotics were being sold there and giving a description of the person selling them. One Detective Brogan approached the defendant, whose clothing fit such description, identified himself as a police officer and asked the defendant for identification. The time was approximately 1:30 in the afternoon, and the defendant was standing on the corner outside a restaurant doing nothing suspicious.
The evidence is contradictory as to what took place next. At the pretrial hearing on a motion to suppress, Brogan testified that after asking the defendant for identification, he, Brogan, patted the defendant's pockets. At trial, Brogan testified that after asking the defendant for identification, the defendant patted his own pockets, seemingly in an attempt to find some identification. From that point, the testimony indicates that the defendant turned around, hit Brogan in either the stomach or the side and attempted to run away. The defendant was then placed under arrest for assault and battery, and it took several officers to subdue him and take him into custody. A subsequent search of the defendant's person revealed that defendant had heroin and cocaine in his possession.
The thrust of the defendant's argument is that he was entitled to use force in response to Brogan's actions, and therefore, the arrest for assault and battery was not legal and the evidence seized in the search, incident to the arrest, was inadmissible and should have been suppressed. This is the "fruit of the poisonous tree" doctrine established in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. Even viewing the evidence in the light most favorable to the defendant, we find that the assault and battery visited upon Detective Brogan constituted sufficient cause for the arrest of the defendant. Therefore, the subsequent search of the defendant's person and ultimately, the conviction for possession of narcotics and for the other charges stemming from the incident were lawful.
We recognize the inestimable right of personal security which belongs as much to the citizen on the street as to the citizen in his home. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The test as set out in Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, is whether the officer had constitutionally adequate, reasonable grounds for placing his hands on the person of a citizen, that is, whether he was justified in interfering with the defendant's personal security as he did. We are of the opinion that there is sufficient evidence in the record from which the trier of fact could reasonably conclude that Detective Brogan did have adequate reasonable grounds for his actions. Even if he was attempting an unwarranted intrusion on the defendant's person in the case sub judice, the defendant's remedy if wronged, was not to test the validity of his legal position by combat at the scene. See Rosenberg v. State, Fla.App. 1972, 264 So.2d 68. The defendant's response of an unprovoked assault and battery was unwarranted and constituted an offense for which he was lawfully arrested.
For the reasons stated, the order appealed is affirmed.
Affirmed.