YAWN, THERON A., Jr., Associate Judge.
The State has appealed the dismissal of a criminal information charging appellee with violently resisting arrest. The appeal rests upon one issue, viz: was appellee’s arrest for the misdemeanor possession of marijuana rendered invalid by the ensuing illegal seizure from his person of a quantity of that contraband. We think not.
Appellee was arrested without formal process and subsequently charged in separate informations with possession of less than five grams of marijuana and resisting arrest with violence. The arrests were substantially contemporaneous, both stemming from a single episode.
A uniformed Ft. Lauderdale police officer, patrolling the balcony of a hotel in that city, stopped abreast one of the rooms through the partially draped window of which he saw appellee sitting on a bed, exhibiting to several other persons therein a small plastic bag of what appeared to this experienced officer to be marijuana. The officer continued to watch as appellee arose, placed the bag in the left front pocket of his trousers and exited through a doorway onto the balcony where he was immediately confronted by the officer, having been out of the officer’s view for only a few seconds.
Appellee was not told at that precise moment that he was under arrest for possession of marijuana despite the existence of probable cause for such arrest. Instead the officer asked appellee if he was a registered guest of the hotel. Receiving a negative response, he then inquired, “What do you have in your left front pocket?” Appellee did not reply but made an effort to push past or flee the officer who then stepped in front of appellee, telling him that he was under arrest. The officer seized the suspicious bag from the left front pocket of appellee’s trousers while attempting to physically restrain him, during the course of which appellee struck the officer. The confrontation on the balcony spanned a period measured in seconds.
An order by the trial court suppressing as evidence the marijuana was affirmed by us in State v. Byrne, Fla.App., 287 So.2d 160. Certiorari denied. Fla., 295 So.2d 111. We find no merit in appellee’s argument that the issue here involved was resolved as a matter of law by our prior decision. The only question before the Court on a motion to suppress evidence is the validity of its seizure. State v. Brown, 257 So.2d 263 (3rd D.C.A.1973).
*766 Appellee’s reliance upon our decision in Kishel v. State, Fla.App., 287 So.2d 414 (1974) is misplaced. In that case, Kishel’s arrest was predicated entirely upon an illegal search. In the case sub ju-dice the arrest was'grounded upon probable cause existing prior to and independently of the illegal seizure. The officer had probable cause to believe that appellee had committed a misdemeanor in his presence. That cause and the authority to arrest arose when the officer saw appellee in the possession of what appeared to him from his observation and thirteen years experience as a police officer to be marijuana. The intervention of the illegal seizure between that observation and the subsequent arrest did not vitiate the probable cause, taint the arrest, or render it illegal. Probable cause existed prior to and independently of the seizure. Sheff v. State, 301 So.2d 13 (1st D.C.A.1974). Rosenberg v. State, 264 So.2d 68 (4th D.C.A.1972).
The trial court itself in its order of suppression found:
“. . . that the police officer, although having reasonable grounds for an arrest of defendant made a search and seizure of certain contraband prior to announcing the arrest, and the Court finds the intent of the officer was to verify Defendant’s possession of contraband before announcing the arrest.”
Even if the officer was attempting an unwarranted intrusion upon appellee’s person, his remedy, if wronged, was in the Courts. He was not entitled to test its validity by combat at the scene. Rosenberg v. State, supra; Clarke v. State, 303 So.2d 35 (3rd D.C.A.1974).
Accordingly, the order appealed from is reversed and remanded for further proceedings consistent with the views herein expressed.
OWEN, C. J., and WALDEN, J., concur.