328 So.2d 570 (1976)
Edwin Benjamin KAISER, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-611.
District Court of Appeal of Florida, Third District.
March 2, 1976.
Ellis Rubin, Miami, and Richard Morgentaler, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant was charged with two counts of assault and battery, two counts of resisting an officer with violence to his person, one count of resisting an officer without violence to his person and obstructing a police officer. The jury found defendant guilty of one count of simple assault, obstructing an officer and one count of resisting an officer with violence to his person. The trial judge entered judgment in *571 accordance with the jury verdicts, and sentenced the defendant to one year in the Dade County stockade. Defendant appeals the judgment of conviction.
The relevant facts are as follows: On December 28, 1974 the daughter and son-in-law of Mr. Erhlickman were unable to leave his home because defendant's car was parked in front of the Erhlickman's driveway and Mr. Erhlickman's wife called the police. After their arrival, the defendant emerged from the next house and moved his automobile. Officer Petrie then questioned the defendant about what appeared to be newly incurred body damage to the front of his automobile. Unsatisfied with defendant's response, the officer began to read to the defendant Miranda warnings. Defendant turned his back and began to walk away. Officer Petrie, his command to halt having been ignored by the defendant, came up behind defendant and placed a hand on his shoulder. At that point a scuffle ensued and the officer radioed for assistance. With the help of two other officers, the defendant was subdued and arrested.
Defendant urges as error the denial of his motion for directed verdict in that the State did not prove the officer, who was attempting to make the arrest without a warrant, had the lawful authority to make the arrest. We cannot agree.
We conclude Officer Petrie had the right to temporarily detain the defendant for further questioning to continue his investigation, and it did not matter that he did not have the authority to arrest defendant for a crime at that time. See Price v. State, Fla.App. 1975, 318 So.2d 468, 471. His detention not being unreasonable, the defendant was not permitted to test the validity of being detained by the investigating officer by either turning his back on the officer and walking away or by engaging in physical combat with him, thus denying the officer the opportunity to continue his legal duty to investigate the cause of the fresh body damage to defendant's vehicle. See Clarke v. State, Fla.App. 1974, 303 So.2d 35 and Fla. Stat. § 843.01, F.S.A[1] § 21-26 of the Code of Metropolitan Dade County.[2]
Affirmed.
NOTES
[1] "843.01 Resisting officer with violence to his person

"Whoever knowingly and willfully resists, obstructs or opposes any sheriff, deputy sheriff, officer of the Florida highway patrol, municipal police officer, beverage enforcement agent, officer of the game and fresh water fish commission, officer of the department of natural resources, any member of the Florida parole and probation commission or any administrative aide or supervisor employed by said commission, any county probation officer or any personnel or representative of the department of law enforcement or other person legally authorized to execute process, in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
[2] (1) It shall be unlawful for any person to knowingly resist or obstruct the performance by one, who the person knows or has reason to believe is a police officer ..., of any authorized act within such officer's capacity."