BOYER, Chief Judge.
The State of Florida, by this interlocutory appeal pursuant to F.S. 924.071, seeks our review of an order of the trial judge suppressing evidence resulting from a search of the person of appellee following his arrest for a misdemeanor (assault and battery) which appellee claims was not committed in the officer’s presence. The sole point in issue is the validity of the arrest.
On the evening of the subject arrest, the arresting officer, incident to an investigation of a disturbance at a lounge, handcuffed a male juvenile to the shotgun rack in his patrol cruiser. Thereafter, while interviewing another witness four to five feet away the officer observed appellee leaning partially inside the window of the cruiser, make a motion with his arm, at which time the handcuffed juvenile exclaimed “Oh, he hit me.” Appellee replied, “Yes, but he hit me first.” Appellee was thereupon placed under arrest “for assault on the juvenile”.
Based upon the testimony of the police officer, which revealed the above recited facts, the trial judge held that the arrest of the defendant was illegal “as it was made by Deputy Collins for the misdemeanor of assault and battery that was not committed in the officer’s presence” and granted a defense motion to suppress evidence of narcotic drugs and paraphernalia found upon the person of appellee during the body search following his arrest.
F.S. 901.15 permits a warrantless arrest for a misdemeanor only when committed “in the presence of the officer.”
In Malone v. Howell, Sup.Ct.Fla.1939, 192 So. 224, the Supreme Court of Florida said:
“An arrest- without a warrant for a misdemeanor, to be lawful, can only be made where the offense was committed in the presence of the officer — that is it must have been within the presence or view of the officer in such a manner as to be actually detected by the officer by the use of one of- his senses. . . .” (192 So. 226, emphasis added)
In a moonshine case, Brown v. State, Sup.Ct.Fla.1956, 91 So.2d 175, the Supreme Court said:
“. . . Moreover, when appellant voluntarily admitted that his ranch wagon was stocked with moonshine, such admission was tantamount to the commission of the offense of possessing illicit liquor in the presence of the officer. When an offense is committed in the officer’s presence, he is authorized to arrest without a warrant.” (91 So.2d 177)
In Kirby v. State, Fla.App. 4th 1969, 217 So.2d 619, our sister court of the Fourth District had occasion to rule upon the validity of a warrantless arrest for the misdemeanor of allowing an unlicensed driver to operate a motor vehicle upon a public street (Section 322.36, F.S.1967). That Court held that a clear verbal admission of an offense is sufficient to make the offense one “committed in the presence” of the arresting officer, citing as authority Brown v. State, supra, and 6 C.J.S. Arrest § 5, page 582 et seq., and cases cited therein.
Going much further than we need in the case sub judice in order to sustain the validity of the subject arrest, our sister court of the Fourth District, in Rosenberg v. State, Fla.App. 4th 1972, 264 So.2d 68, citing as authority City of Miami v. Albro, Fla.App. 3rd 1960, 120 So.2d 23 and Sanches v. Buchanan, Fla.App. 3rd, 175 So.2d 50, held that in passing upon the legality of a warrantless arrest for a misdemeanor alleged to have occurred in the presence of the arresting officer “The determining factor is not whether the arrested person is actually guilty, but whether or not the officer had substantial reason to believe that such person was committing a misdemean- or.” (264 So.2d 69, emphasis added)
We conclude that, under the facts as revealed by the uncontroverted evidence in *385 this case, the misdemeanor was committed “in the presence of the officer” within the contemplation of F.S. 901.15.
REVERSED.
McCORD and MILLS, JJ., concur.