PER CURIAM.
The appellant, a fifteen year old juvenile, was charged in a petition for delinquency with creating a disturbance in a public place, two counts of assault and battery and resisting arrest. Following a hearing, the juvenile was found to have committed the acts charged, and was adjudicated delinquent and placed under the supervision of the Division of Youth Services. On appeal, the juvenile contends that the court erred in entering an adjudication of delinquency.
The record reflects that the juvenile was observed with several other young females speaking to the driver of an automobile which was stopped in the roadway. Police officers requested that the females leave the road and stand on the sidewalk. The juvenile complied, but uttered profanities. When she became boisterous and loud, she was arrested for “open profanity.” During the arrest, the juvenile struck one of the officers and bit the other.
The appellant urges that Section 877.03, Florida Statutes, entitled “Breach of the peace; disorderly conduct,” was unconstitutionally applied to the facts of this case. We do not agree. Generally, the utilization of expletives creating a mere annoyance does not come within the purview of the statute. See Gonzales v. City of Belle Glade, 287 So.2d 669, 670 (Fla.1973), and In re Fuller, 255 So.2d 1 (Fla.1971). However, as stated in Bradshaw v. State, 286 So.2d 4, 8 (Fla.1973), the atmosphere surrounding the incident is always relevant. There are certain exceptions, depending upon the circumstances, which, when coupled with the use of expletives will constitute a breach of the peace. Phillips v. State, 314 So.2d 619, 621 (Fla.4th DCA 1973).
*74 The testimony of one of the officers was that during the incident, people were coming out of their houses and watching, and that others were stopping to assist the juvenile, and they too began yelling profanities at the officers. In our opinion, the actions of the juvenile were of such a nature as to create a disturbance which affected the peace and quiet of persons witnessing the incident, and were in violation of Section 877.03, Florida Statutes. Therefore, we find that the statute was constitutionally applied to the facts of this case, and we affirm the adjudication of delinquency on the charge of creating a disturbance in a public place.
Based on the foregoing, it follows logically that the actions of the juvenile in biting and striking the arresting officers and in obstructing the execution of their legal duty, should result in an affirmance of the adjudication of delinquency on the two counts of assault and battery, and on the count of resisting arrest. Had the arrest not been valid, the juvenile would still not have been justified in violently resisting arrest. Section 776.051(1), Florida Statutes, provides that a person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer. As stated in Rosenberg v. State, 264 So.2d 68 (Fla.4th DCA 1972), assuming an appellant was innocent of the misdemeanor for which he was arrested, such charge is a matter properly to be dealt with in a court of law. The determination to conduct one’s defense “then and there at the scene of arrest with a crude type of ‘trial by wager of battle', while understandable as a natural impulsive reaction, nonetheless simply cannot be condoned.” Rosenberg, supra, at page 69. Also see Clarke v. State, 303 So.2d 35 (Fla.3d DCA 1974); State v. Byrne, 311 So.2d 764 (Fla.4th DCA 1975); Kaiser v. State, 328 So.2d 570 (Fla.3rd DCA 1976).
The remaining point on appeal is without merit and will not be discussed.
Affirmed.