355 So.2d 502 (1978)
Robert TALMADGE, by His Next Friend and Natural Guardian, Billy Talmadge, and Billy Talmadge, Individually, Appellants,
v.
DISTRICT SCHOOL BOARD OF LAKE COUNTY, Sonny Walters, and Auto Owners Insurance Company, Appellees.
No. 77-1514.
District Court of Appeal of Florida, Second District.
March 1, 1978.
*503 David M. Hammond of Meyers, Mooney & Adler, P.A., Orlando, for appellants.
Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, for appellee Walters.
RYDER, Judge.
Talmadge appeals an order of the trial court dismissing Walters as a defendant in a suit filed by Talmadge against Walters, appellee District School Board of Lake County (Board), and their insurer, Auto Owners Insurance Company. We reverse for reasons hereafter expressed.
Talmadge was a student at Tavares Middle School and Walters was his physical education instructor. Talmadge filed a complaint against Walters, the Board, and its insurer seeking damages for injuries received while Talmadge was performing on a trampoline. The complaint alleged that Walters forced Talmadge to perform certain acrobatics on the trampoline against his will, and while so performing, Talmadge sustained injuries to his knee and teeth. Talmadge further alleged Walters had provided him with only minimal instructions on the trampoline and that Talmadge had little experience on the equipment and was therefore unprepared to safely perform the acrobatics demanded by Walters.
Walters filed a motion to dismiss himself as a defendant in the lawsuit on the ground that, under Section 768.28(9), Florida Statutes (1975), no cause of action exists against him. The motion to dismiss was granted and the propriety of the granting of this motion is the sole issue on appeal.
Section 768.28(9), Florida Statutes (1975), does not clearly provide that no cause of action may be sustained against an employee of the Board, nor does it clearly provide that an individual employee is immune from suit as a result of injuries sustained due to his negligence. While it does state, "No ... employee, or agent of the state ... shall be held personally liable in tort ...," the statute goes on to indemnify such an employee for a monetary judgment rendered against him personally with the following language:
"... [T]he state shall pay any monetary judgment which is rendered in a civil action personally against an . . employee ... which arises as a result of any act ... within the scope of his employment."
We hold that this statute acts only to indemnify an employee of the state for a monetary judgment entered against him as a result of negligent acts occurring within the scope of his employment, but does not operate as a bar against suing such an employee as a party defendant. Had the legislature intended that individual employees be immune from suit, they would have clearly so stated.
In so holding, we find it was, therefore, error to dismiss Walters as a defendant in the instant case.
Reversed and remanded for proceedings consistent with this opinion.
OTT, Acting C.J., and DANAHY, J., concur.