PEARSON, Judge.
Nicholas Paul is the plaintiff in the trial court. The State of Florida, Department of Health and Rehabilitative Services, is a third party defendant to a third party complaint brought by Heritage Insurance Company of America and Michelle Hines, who were defendants in the original action. This appeal was brought by the plaintiff, Nicholas Paul, from a summary final judgment entered for the defendants Heritage Insurance Company and Michelle Hines. It was not until after the entry of the summary judgment which is appealed that the State of Florida was brought into the case as a third party defendant. After having been brought into the case upon the third party complaint, the State joined in this appeal to review the same summary judgment. The judgment entered by the trial court is sharply limited as to its grounds, and in order to limit the holding of the court in this appeal, the order is set forth:
“THIS CAUSE came on to be heard before me on Defendants’ Motion for Summary Judgment and the Court having considered and having been specifically advised concerning Dade County vs. [v.] Kelly, 348 So.2d 49 (Fla.App. 1st, 1977) and having heard argument of counsel and being otherwise fully advised in the premises, this Court finds the Defendants’ Motion for Summary Judgment should be granted. This Court further finds the Defendants’ Motion to Join as a Third Party Defendant, the State of Florida, Department of Health and Rehabilitative Services should be granted. Any defensive pleadings and Motions which the State of Florida may be required to file pursuant to the Florida Tort Claims Acts are hereby stayed pending resolution of the appeal to be taken by the Plaintiffs from this Order. It is hereupon
*564 “ORDERED AND ADJUDGED that the Defendants’ Motion for Summary Judgment be and the same is hereby granted and Summary Final Judgment is hereby entered in Defendants’ favor. This Court determines that MICHELLE HINES and HERITAGE INSURANCE COMPANY OF AMERICA may not be sued pursuant to the holding in Dade County vs. [v.] Kelly, supra. This Court specifically makes no finding as to any other issues which may have arisen.”
Since the publication of Metropolitan Dade Cty. v. Kelly, 348 So.2d 49 (Fla. 1st DCA 1977), upon which the trial court relied, the District Court of Appeal, Second District, State of Florida, has directly considered the question of whether a state employee is a proper party defendant in an action for personal injuries allegedly occasioned by the negligence of the state employee while acting within the course and scope of state employment. That case is Talmadge v. District School Board of Lake County, 355 So.2d 502 (Fla. 2d DCA 1978). Each of these cases purported to interpret Section 768.28(9), Florida Statutes (1977), which is, in relevant part, as follows:
* * * * * *
“No officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Subject to the monetary limitations set forth in subsection (5), the state shall pay any monetary judgment which is rendered in a civil action personally against an officer, employee, or agent of the state which arises as a result of any act, event, or omission of action within the scope of his employment or function.”
Without reiterating the reasoning followed by the court in Talmadge v. District School Board of Lake County, supra, it is sufficient for us to state that we find the reasons set out therein for its holding to be compelling and we, therefore, adopt that decision as the decision of this court in the instant case.
It clearly appears that the trial court’s summary judgment was based entirely upon the court’s interpretation of Section 768.28(9), Florida Statute (1977), and that no other ground was considered. Therefore, upon our determination that the holding of the District Court of Appeal, Second District, properly states the law and that the proper rule is that this statute acts only to indemnify an employee of the state having monetary judgment entered against him as a result of negligent acts occurring within the scope of his employment and does not bar a suit against the employee as a party defendant, we reverse the judgment appealed and remand the cause to the trial court for further proceedings in accordance with the views herein expressed.
Reversed and remanded.