370 So.2d 1225 (1979)
Miriam DONNER, Appellant,
v.
Vernon HETHERINGTON, the City of Miami, a Municipal Corporation under the Laws of the State of Florida, Metropolitan Dade County, Admiral Insurance Company, Dale Lucas, Janet McCardel, Ludvik V. Zapletal, Richard McPherson, Elizabeth Smith, Evelyn Williams Walden and Appalachian Insurance Company, Appellees.
No. 78-2105.
District Court of Appeal of Florida, Third District.
May 15, 1979.
*1226 Miriam Donner, in pro. per.
Arthur J. Morburger, Miami, co-counsel for appellant.
Stuart L. Simon, County Atty. and John E. Finney, Asst. County Atty., for appellees.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The plaintiff-appellant sued numerous defendants for damages arising out of her having been arrested and thereafter incarcerated in the "women's annex" of the Dade County Jail. This appeal concerns only a summary judgment rendered below for one of the defendants, Janet McCardel, a Dade County employee who was then the supervisor of the annex.
The record shows that, after her arrest on April 10, 1975, the plaintiff was taken to the women's prison. As a result of an incident which occurred during the admission process, she was, supposedly for her own protection, ordered by subsidiary jail personnel to be stripped naked and placed in a so-called "safety cell." The cell, in which Ms. Donner was confined until her release into the general population of the jail on April 15, 1975, was not heated, contained nothing but a mattress core, and was equipped only with an inoperable toilet. Moreover, she alleged, she was given no medical or psychiatric attention during the entire period. The asserted liability of Dr. McCardel for this conduct was based primarily upon her review and approval of an "incident report" from those who dealt directly with Ms. Donner. The report allegedly brought the conditions under which the plaintiff was confined directly to McCardel's attention and showed on its face that there was nothing to justify that treatment. It is contended that Dr. McCardel's at least tacit approval of Ms. Donner's continued imprisonment in the safety cell, as it was equipped, and without medical evaluation, was contrary to the requirements of several Dade County regulations, to Florida statutory provisions, Sections 944.34, 944.35, Florida Statutes (1975), and to those portions of the Florida and United States Constitutions which forbid the imposition of "cruel and unusual punishment."
We hold that summary judgment was improperly entered in McCardel's favor.[1] In Paul v. Heritage Ins. Co. of America, *1227 363 So.2d 563 (Fla. 3d DCA 1978), following Talmadge v. District School Board of Lake County, 355 So.2d 502 (Fla. 2d DCA 1978), we interpreted Sec. 768.28(9), Florida Statutes (1977) to permit the maintenance of an action against a public employee "as a result of negligent acts occurring within the scope of his employment." 363 So.2d, at 564. It is clear that McCardel did not conclusively demonstrate that she was not guilty of simple negligence and that she was, under this holding, therefore not responsible for the allegedly improper treatment accorded the plaintiff.[2] The summary judgment therefore cannot be permitted to stand. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Swenson v. Cahoon, 111 Fla. 788, 152 So. 203 (1934); McCray v. Burrell, 516 F.2d 357 (4th Cir.1975), cert. dismissed, 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976).
Reversed and remanded.
NOTES
[1] We reject the appellant's contention that she was entitled to summary judgment in her favor against Dr. McCardel.
[2] We do not reach the question of whether there was also a triable issue that McCardel "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and wilful disregard of human rights, safety, or property." This would be the pertinent test under Sec. 768.28(9) should the supreme court reverse Talmadge v. District School Board of Lake County, supra, which is now before it on certiorari granted, and follow the contrary case of Dade County v. Kelly, 348 So.2d 49 (Fla. 1st DCA 1977), which we rejected in Paul v. Heritage Ins. Co. of America, supra.