SCHWARTZ, Judge.
In the middle of a jury trial,[1] the court dismissed the plaintiff’s case with prejudice on the apparent ground that she had been guilty of disruptive behavior during the proceedings. We appreciate the real problems encountered below by the trial judge in his attempts to deal with a difficult litigant who also sought to represent herself pro se. There is simply nothing in the record, however, which demonstrates that the plaintiff disobeyed — willfully or otherwise — an order of court or committed any other act which would justify a dismissal of the action, either with or without prejudice.[2] Reliance Builders of Coral Springs, Inc. v. City of Coral Springs, 373 So.2d 410 (Fla. 4th DCA 1979); Beaver Crane Service, Inc. v. National Surety Corp., 373 So.2d 88 (Fla.3d DCA 1979), and cases cited; Francois v. Harris, 366 So.2d 851 (Fla.3d DCA 1979), and cases cited. The judgment under review is therefore reversed and the cause remanded for trial.[3]
Reversed and remanded.

. The facts involved in the action are briefly described in Donner v. Hetherington, 370 So.2d 1225 (Fla.3d DCA 1979), in which we reversed a summary judgment which had been granted to one of the many parties defendant. The trial which is involved in the case now before us was conducted against the remaining defendants while the prior appeal was pending.

. We find no authority for the trial judge’s requirement that the plaintiff secure the permission of the Administrative Judge before filing any subsequent proceeding in the 11th Judicial Circuit without counsel. That portion of the order is therefore likewise vacated.

.As in Donner v. Hetherington, supra, at 370 So.2d 1226, n. 1, we find no error in the trial judge’s denial of the plaintiffs motions for summary judgment as to the liability of these appellees.