399 So.2d 1011 (1981)
Miriam DONNER, Appellant,
v.
Vernon HETHERINGTON, the City of Miami, and Appalachian Insurance Company, Appellees.
Nos. 80-1205, 80-2017.
District Court of Appeal of Florida, Third District.
May 26, 1981.
Rehearing Denied July 6, 1981.
Arthur J. Morburger, Miami, Miriam Donner, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Fred R. Ober and Mike Murphy, Miami, for appellees.
Before BARKDULL, SCHWARTZ and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
For the third time, Ms. Donner appeals from an adverse judgment in her false imprisonment action. For the third time, we reverse. At the retrial required by Donner v. Hetherington, 376 So.2d 404 (Fla. 3d DCA 1979),[1] the trial judge directed a verdict at the conclusion of the plaintiff's case in favor of the defendant Hetherington, the Miami police officer who originally took Donner into custody, as well as the city itself, and their insurance carrier.[2] Because *1012 of the plaintiff's picketing activities at the Metro Justice Building, Hetherington arrested her without a warrant for a second degree misdemeanor, breach of the peace or disorderly conduct, in violation of Section 877.03, Florida Statutes (1977). Such an arrest may be justified only when the officer reasonably believes that the misdemeanor has been committed in his presence. State v. Outten, 206 So.2d 392 (Fla. 1968); City of Miami v. Albro, 120 So.2d 23 (Fla. 3d DCA 1960). Our review of the record below reveals that jury issues were presented both as to (a) whether, when he placed the plaintiff under arrest, Hetherington in fact himself believed that the offense had been committed, see, Spicy v. City of Miami, 280 So.2d 419 (Fla. 1973), cert. denied, 414 U.S. 1131 (1974); and (b) whether, if so, there was a reasonable basis for that belief in the circumstances he observed. Spicy v. City of Miami, supra; see State v. Saunders, 339 So.2d 641 (Fla. 1976); Ciccarelli v. City of Key West, 321 So.2d 472 (Fla. 3d DCA 1975). Accordingly, the judgment below is reversed for still another trial as against the present appellees.
Reversed and remanded.
BARKDULL, Judge, dissenting.
I would affirm the trial court in the direction of the verdict in favor of Officer Hetherington. Section 877.03, Florida Statutes (1977) provides, in part, as follows:
"Whoever commits such acts as are the nature to ... affect the peace and quiet of persons who may witness them ... or engages in such conduct as to constitute a breach of the peace ... shall be guilty of a misdemeanor of the second degree ..."
The record in this case indicates that Ms. Donner, in picketing and presenting petitions to pedestrians on the steps of the Metropolitan Justice Building, was deliberately attempting to cause a congregation of people. (She was dressed in hot pants, a halter top, high-heeled shoes, and was wearing a wig.) This activity continued in the presence of the officer until a crowd of persons, varying from 50 to 200 in number, had assembled. The activities had already resulted in one of the spectators stepping backwards near the stairs.[1] A police officer at such a scene should not be required to wait until a riot occurs in order to make an arrest. Further, the Supreme Court of the United States held, in Ingraham v. Wright, 340 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 771 (1977), that an officer is not liable in damages for an arrest not based on probable cause if the officer reasonably believes that probable cause exists. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); compare City of Miami v. Albro, 120 So.2d 23 (Fla. 3d DCA 1960). Under the circumstances as demonstrated in this record, at the time the judge directed a verdict in favor of the officer and considering the volatile situation at the scene of the incident, I certainly think the officer had reasonable basis to believe that he had probable cause to request Ms. Donner to remove herself from the area in front of the doors and off the steps, and to arrest her when she refused to move.
Therefore, I would affirm the action of the trial judge in granting the directed verdict and so I dissent from the majority opinion.
NOTES
[1] Donner v. Hetherington, 370 So.2d 1225 (Fla. 3d DCA 1979) reversed a summary judgment entered in favor of the director of the facility where the plaintiff was taken and confined.
[2] The case against the remaining defendants  who were involved in the plaintiff's subsequent imprisonment at the Dade County women's jail  proceeded to jury verdict.
[1] Ms. Donner was picketing at the main entrance on the south side of the Metropolitan Justice Building. At this location, there are 6 doors leading into the building off a plateau (or landing) that is approximately 44 feet across the front of the building by 29 feet wide. Leading up to this landing (or plateau) from the sidewalk is a series of steps and landings. From the bottom, one goes up three steps to a landing and then up eleven more steps to the top; this elevates the top landing about seven feet above the sidewalk.