DAUKSCH, Judge.
This is an appeal from an order granting a motion to suppress evidence in a criminal ease.
Appellee was arrested for disorderly intoxication,[1] searched incident to that arrest and illegal drugs were found and seized.
The issue on appeal is whether the trial judge applied the proper legal standard when considering the motion to suppress. It is our conclusion he did not and therefore we reverse. When considering whether a police officer lawfully arrests someone without a warrant, for a misdemeanor, the court determines whether the officer had substantial reason to believe the arrestee is guilty of a crime. Whether *848 the person is, in fact, guilty is not determinative of the legality of the arrest. State v. Warren, 329 So.2d 383 (Fla. 1st DCA 1976); Rosenberg v. State, 264 So.2d 68 (Fla. 4th DCA 1972).
Officer Krakowski of the Daytona Beach Police Department was standing outside of a singles bar at 2:00 a.m. The doorman of the bar asked the policeman for assistance because appellee was causing a disturbance in the bar, calling a bar patron a filthy name and generally misbehaving himself. The doorman asked the officer to assist by removing appellee from the bar. After that was accomplished, appellee went into the street, U.S. Highway A1A, Atlantic Boulevard, a well-traveled roadway along the beach. Appellee was loud and boisterous, spoke with slurred speech, was glassy-eyed and unsteady on his feet. When told to leave a few times by the policeman, appellee began yelling at him challenging the officer to arrest him. Because appellee was in the roadway, causing passing cars to have to change directions of movement to avoid hitting him, the policeman arrested him for disorderly intoxication. The search incident to arrest turned up marijuana and cocaine.
Appellee disagreed with some of the facts testified to by the policeman but did not say he was not in the roadway. He said he was not drunk, that he called the “big guy” in the bar an Iranian, not an asshole, that he was not enticing the policeman to arrest him, but was waving to his best friend Eric and asking him to get the car and take him home.
It is not a question of credibility of witnesses with which we are concerned. The trial judge specifically found appellee was intoxicated. He obviously believed the policeman rather than appellee. A reading of the transcript supports that conclusion, to say the least.
The question before us, as was said, is the standard of proof. The trial judge found “[t]hat he did not endanger the safety of another person or another’s property.” The trial judge also found “[tjhat he did not cause a public disturbance, within the meaning of Florida Statute 856.011.” While the trial judge may conclude the facts would not support a verdict of guilty if he were trying the case he could not have properly concluded that the police officer did not have substantial reason to believe appellee was guilty. Calling a big guy in a bar an asshole or an Iranian, being kicked out of the bar and standing in the roadway yelling is sufficient evidence to give an officer substantial reason to believe the person is creating a public disturbance. One’s standing in the roadway waving arms and shouting, causing cars to have to turn to avoid striking him is endangering another’s property. If one of those cars had hit appellee it would have damaged the car. Or, if in avoiding hitting appellee, the car had hit another then someone or something would have been hurt or damaged. Thus, appellee’s actions could provide a reasonable person with substantial reason to believe, or, to use the traditional language, with probable cause to believe, that appellee was endangering others and their property.
The order is reversed and this cause remanded for trial.
REVERSED and REMANDED.
COBB, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.

. § 856.011, Fla.Stat. (1983), in pertinent part, provides:
Disorderly intoxication.—
(1) No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place or in or upon any public conveyance and cause a public disturbance.
(2) Any person violating the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.