## STATE OF FLORIDA v STRAUS
### Case No. 87-160 MM A02
County Court, Palm Beach County
April 22, 1987

### APPEARANCES OF COUNSEL

**Mark Hanson**, Assistant State Attorney, for plaintiff.
**James K. Green** for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS CASE was heard before me pursuant to the Defense Motion to Dismiss and the Court having heard all of the evidence and arguments of the parties, hereby grants the Defendant's motion.

*State v. Saunders,* 339 So.2d 641 (Fla. 1976), cited by the defense, is

controlling in this case. Therein, the Supreme Court held that, with the exception of "fighting words" or words such as shouts of "fire" within a crowded theatre, Section 877.03 does not prohibit" . . . the use of language in any fashion whatsoever."

The facts in this case are not in dispute. On January 4, 1984 the Defendant was arrested for, and charged with disorderly conduct pursuant to Florida Statute 877.03. The Defendant's behavior leading to her arrest was her utterance to a Deputy Sheriff of the word, "fuck" used in several different contexts. The background to this incident was that an airport terminal, containing the Defendant's minor children, was temporarily closed due to its being dangerously over-crowded. The Defendant, and a group of other people were seeking, and being prevented from gaining, access by the police. Apparently, some people were selectively being allowed to enter while others, including the Defendant, who had explained to the Deputy that her three children were inside, were being denied access.

Expletives alone, especially when uttered to a trained police officer, do not constitute fighting words, nor are they akin to the shouts of "fire" in a crowded theatre. In a similar case, the Fourth District Court of Appeals reversed a conviction, in a prosecution brought under the same section, against a Defendant who repeatedly said "fuck you" to a police officer. *Phillips v. State,* 314 So.2d 619 (4th DCA 1975).

The State cites *K.G. v. State,* 338 So.2d 72 (3d DCA 1976), for the proposition that there are circumstances which, when coupled with the use of expletives, will cause the utterance of expletives to constitutionally fall within the prohibition of Section 877.03. However, the State did not present any such circumstances, and, in fact, agreed with the recitations of the facts given by the defense. Assuming *K.G.* is still good law, (in view of *Saunders,* supra), the case is factually distinct from the Defendant's case. In *K.G.,* the Appellant's use of language induced others to join in the disturbance, assisting the Appellant who subsequently assaulted two police officers.

Other than uttering obscenities, at no time did the Defendant or others make any threats or assaults; the crowd was not hostile, although they were upset; there was no riot, nor reasonable expectation that one was imminent; the Defendant's behavior did not exacerbate the situation in any measurable way, and the Defendant apologized for her behavior.

In view of the foregoing, it is unnecessary for this Court to rule on the Defendant's contention that Section 877.03 is unconstitutional.

DONE AND ORDERED, this 22nd day of April, 1987, at West Palm Beach, Florida.