580 So.2d 797 (1991)
Miriam DONNER, Appellant,
v.
APPALACHIAN INSURANCE COMPANY, a Rhode Island Corporation; City of Miami; Vernon Hetherington; Fowler, White, Burnett, Hurley, Banick & Knight, P.A., a/K/a Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., a Florida Professional Association; Phillip W. Knight, and Michael J. Murphy, Appellees.
No. 90-1222.
District Court of Appeal of Florida, Third District.
May 7, 1991.
Rehearing Denied July 3, 1991.
*798 Mark A. Trop, Arthur Morburger, Miami, for appellant.
Gaebe, Murphy, Mullen, & Antonelli and David Kleinberg, Coral Gables, for appellees City of Miami and Vernon Hetherington.
Corlett, Killian, Ober, Hardeman & Levi, P.A., and Richard J. Suarez, Miami, for remaining appellees.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
Miriam Donner appeals from an order dismissing her complaint with prejudice. We affirm.
This appeal is the latest in a fifteen-year-old litigation morass. Ms. Donner's original action was filed in 1976 and sought damages for injuries arising from her arrest and the circumstances of her incarceration. Following a series of false starts, frustrated discovery forays, and appeals,[1] the 1976 action languishes below awaiting retrial. In 1981, Ms. Donner sued the City of Miami and various attorneys, seeking access to the litigation files from the suit filed in 1976. Eventually, this court ordered those files produced.[2] In 1989, Ms. Donner sued the parties and attorneys involved in the previous lawsuits for multiple causes of action arising from alleged fraudulent misrepresentations made during discovery in the 1976 action, which only came to light following production of the litigation files. The trial court dismissed that complaint with prejudice for failure to state a claim; Ms. Donner appeals.
We agree with the trial court that the complaint Ms. Donner filed in this action failed to state a cognizable claim. See Ponzoli & Wassenberg, P.A. v. Zuckerman, 545 So.2d 309 (Fla. 3d DCA), (statements made in course of judicial proceeding enjoy absolute privilege); rev. denied, 554 So.2d 1170 (Fla. 1989); Wright v. Yurko, 446 So.2d 1162 (Fla. 5th DCA 1984); Perl v. Omni Int'l of Miami, Ltd., 439 So.2d 316 (Fla. 3d DCA 1983) (same). We therefore affirm the dismissal.[3]
We assign no fault to either party for the length of this litigation. However, "[i]t has been well said that there must be some point in every court proceeding when the cause is finally disposed of, its thread cut, and the parties out of court... . The public welfare demands that there shall be some definite end to litigation  a point sometime, somewhere, when every case is terminated. We cannot afford to return to the interminable and outrageous practice similar to that depicted in Dickens' case of Jarndyce v. Jarndyce." Mabson v. Christ, 96 Fla. 756, 759, 119 So. 131, 132 (1928). We trust that trial of this cause will occur before this litigation assumes such Dickensian proportions.
Affirmed.
NOTES
[1] See Donner v. Hetherington, 399 So.2d 1011 (Fla. 3d DCA 1981); Donner v. Hetherington, 376 So.2d 404 (Fla. 3d DCA 1979); Donner v. Hetherington, 370 So.2d 1225 (Fla. 3d DCA 1979).
[2] See Edelstein v. Donner, 450 So.2d 562 (Fla. 3d DCA 1984), approved, 471 So.2d 26 (Fla. 1985); Donner v. Edelstein, 425 So.2d 1220 (Fla. 3d DCA 1983); Donner v. Edelstein, 423 So.2d 367 (Fla. 3d DCA 1982); Donner v. Edelstein, 415 So.2d 830 (Fla. 3d DCA 1982).
[3] Our affirmance should not be read to bar Ms. Donner from seeking to amend her complaint pending in the circuit court or from asking the trial court to impose sanctions against the defendants for their alleged misconduct in the discovery proceedings.