PER CURIAM.
Defendants appeal from an order denying their motion to vacate an arbitration award. We affirm.
The record demonstrates conclusively that none of the factors specified in section 682.13, Florida Statutes (1993), support vacating the arbitration award. The alleged acts and statements of one member of the panel of three arbitrators did not rise to the level of “evident partiality,” nor did defendants demonstrate that the allegations of bias, even if true, prejudiced the rights of any party as required by section 682.13. See also Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1329 (Fla.1989) (arbitration award may be set aside only upon grounds enumerated in section 682.13; principle of finality of arbitration awards must be adhered to “in order to preserve the integrity of the arbitration process as a means of alternative dispute resolution”).[1]
AFFIRMED.

. This litigation has been pending since 1984. "There must be some point in every court proceeding when the cause is finally disposed of, its thread cut, and the parties out of court.” Donner v. Appalachian Ins. Co., 580 So.2d 797, 798 (Fla. 3d DCA) (citation omitted), rev. denied, 591 So.2d 181 (Fla.1991), cert. denied, — U.S. —, 112 S.Ct. 1669, 118 L.Ed.2d 389 (1992). We trust that the parties recognize that such a time has come.