769 So.2d 1132 (2000)
W.L., Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-93.
District Court of Appeal of Florida, Third District.
October 18, 2000.
Bennett H. Brummer, Public Defender, and Robert Godfrey and Michael Walsh, Assistant Public Defenders, for appellant.
Robert A. Butterworth, Attorney General, and Lisa A. Rodriguez, Assistant Attorney General, for appellee.
Before JORGENSON, COPE, and GODERICH, JJ.
PER CURIAM.
Respondent appeals from an adjudication of delinquency and a sentence of community *1133 control. For the following reasons, we reverse.
Miami-Dade police officers were conducting a narcotics investigation when they encountered a group of 15-20 people within a 10-15 foot area. Respondent was standing in the group with four other juveniles, and was not doing anything unlawful. The officers approached W.L. and demanded identification (name and date of birth) to fill out a field card. W.L. did not try to flee; he did yell out a series of profanities at the police.
Nothing was thrown at the officers; no member of the crowd threatened the officers. Although the officers testified that they feared for their safety, they did not call for backup. The officers arrested W.L. for disorderly conduct.
At his hearing, W.L. argued that his words alone were protected by the First Amendment to the United States Constitution. He argued that although the words were admittedly profane and offensive, they did not incite a breach of the peace. Respondent moved twice for a judgment of acquittal on these grounds; both times the court denied his motion. He was adjudicated delinquent, sentenced to community control, and now appeals. We reverse.
Respondent was "punished simply for asserting his right to free speech in what the police consideredand what may well have beenan offensive manner. But the constitution does not permit that result." L.A.T. v. State, 650 So.2d 214, 217 (Fla. 3d DCA 1995). "As we all know, `[t]he freedom of individuals to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.'" Id. (quoting City of Houston v. Hill, 482 U.S. 451, 462-63, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987)).
Respondent never physically interfered with the police, never physically threatened them in any manner, and never impeded the execution of their legal duty. The conduct for which respondent was punished was pure speech, and is thus protected by the First Amendment. Compare K.G. v. State, 338 So.2d 72, 74 (Fla. 3d DCA 1976) ("the actions of the juvenile in biting and striking the arresting officers and in obstructing the execution of their legal duty" supported adjudication of delinquency) and L.A.T., 650 So.2d 214, 218 ("nothing in the First Amendment protects a person who, under the guise of verbally protesting another's arrest, interferes with a police officer's lawful arrest of a third party.")(Hubbart, J., concurring).
REVERSED.